## UNITED STATES v. GILBERT et al.

### Cr. Nos. 5471, 5472.

District Court, S. D. Ohio, W. D.
Oct. 12, 1939.

James J. Waters, Sp. Asst. to Atty. Gen., and James H. Cleveland, Sp. Asst. to U. S. Atty., of Cincinnati, Ohio, for the United States.

Haveth E. Mau, of Cincinnati, Ohio, for defendants Hagen and Le Feber.

Frank E. Wood, Robert S. Marx, and Milton H. Schmidt, all of Cincinnati, Ohio, for defendant Cooper.

DRUFFEL, District Judge.

At the April 1939 term the grand jury for this district returned indictments against fifty-three defendants involving forty-one counts charging the use of the mails to defraud and also charging a conspiracy with intent to use the mails to defraud based on a scheme for the sale of cemetery lots for profit, etc. Of these defendants, three, to-wit, J. Stewart Hagen, Stewart S. Cooper, Alfred LeFeber, have filed affidavits óf personal bias and prejudice against the court alleging while the grand jury which returned the indictments was in session the court conferred with the acting district attorney, the district attorney, and an assistant to the United States Attorney General concerning matters then under investigation and by reason thereof the court has a personal bias and prejudice in favor of the United States and against said three defendants. The court now has for consideration and determination the question of the legal sufficiency of said affidavits.

It may be well at this point to review briefly the sequence of events which preceded the return of these indictments.

Earlier in the same term of court Morton Gilbert and fourteen other defendants had been indicted by the same grand jury for using the mails to defraud, growing out of the sale of cemetery lots in Hopewell Cemetery. During the trial of that case there was evidence that Gilbert, prior to organizing the Hopewell Cemetery Association had been associated with these complaining defendants in the organization, development and sale of lots in Arlington Cemetery, the use of the mails in the fraudulent sale of lots therein being the subject of the present indictment. Gilbert and other defendants were found guilty by the jury. After sentence was pronounced upon Gilbert he demanded to know in open court whether the jury had taken into consideration his payment of $186,000 to Hagen and Cooper in the Arlington matter, to which query the court replied that these latter named persons were not named in the Hopewell indictment. Thereafter the court recalled the grand jury at the request of the then acting district attorney for an investigation of the so-called Arlington Cemetery lot transactions; the indictments above referred to being subsequently returned.

After the call for the grand jury and subpoenas issued for more than one hundred witnesses in various parts of the United States, the appointment of a new district attorney was announced. The new district attorney arrived on the day the grand jury started its investigation, and on the second day thereafter made certain verbal requests of the court concerning said investigation which requests resulted in the conferences complained about.

Section 21 of the Judicial Code, 28 U.S.C.A. § 25, provides as follows: "Whenever a party to any action or proceeding, civil or criminal, shall make and file an affidavit that the judge before whom the action or proceeding is to be tried or heard has a personal bias or prejudice either against him' or in favor of any opposite party to the suit, such judge shall proceed no further therein, * * *. Every such affidavit shall state the facts and the reasons for the belief that such bias or prejudice exists, * * *."

In the leading case of Berger v. United States of America, 255 U.S. 22, 41 S.Ct. 230, 65 L.Ed. 481, it was decided that the judge against whom certain affidavits were filed had a lawful right to pass upon the legal sufficiency thereof.

In a case analogous to the matter under consideration, being Craven v. United States, 1 Cir. 1927, 22 F.2d 605, certiorari denied 276 U.S. 627, 48 S.Ct. 321, 72 L.Ed. 739, affidavits of bias and prejudice were filed against the judge alleging that during the trial the judge was in conference with the assistant United States attorney out of the presence of the defendant, thereby exhibiting a personal bias and prejudice against the defendant. The Appellate Court in reviewing the action of the district court in striking the affidavit from the file held that such an affidavit was frivolous so far as the contention that the judge in charge of a criminal calendar cannot confer with the United States Attorney without grounding an inference of improper scheming against the right of the defendant to a fair and impartial trial. It should be noted that the decision in the Craven case has the approval of the Supreme Court of the United States in that it denied a writ of certiorari.

The cases are uniform and the statute requires that the bias and prejudice alleged must be personal in its nature, and as said by the court in the Craven case supra: "The statute never contemplated crippling our courts by disqualifying a judge, solely on the basis of a bias * * *

against wrongdoers, civil or criminal, acquired from evidence presented in the course of judicial proceedings before him. Any other construction would make the statute an intolerable obstruction to the efficient conduct of judicial proceedings, now none too speedy or effective." 22 F. 2d page 608.

When it is considered that the ultimate question of whether or not these defendants are guilty as charged rests solely with the jury, and that any decisions of the court as to the law, the evidence or sentence, are subject to review by the Appellate Court, it would appear the allegations by these three defendants that this court has a personal bias and prejudice in favor of the United States and against them, are frivolous, and made to gain delay. As to these allegations what was said by Judge Clark, in United States v. Flegenheimer, D.C., 14 F.Supp. 584, page 585, is equally pertinent here: "The filing of the affidavit of bias and prejudice in the case at bar sets, in this court's humble opinion, a new low-water mark in the administration of criminal justice in the United States. The affidavit charges that we have a 'bias and prejudice in favor of the United States of America.' Our bias and prejudice in favor of the country we are proud to serve goes to the extent of wishing we could play some small part in correcting the conditions which permit such an attempt to disqualify us from the performance of our duty."

 Accordingly after careful consideration of said affidavits and an analysis of the law and the authorities cited, this court is of opinion and so finds that the affidavits filed by said Hagen, Cooper, and LeFeber, are legally insufficient and by reason thereof are stricken from the record. In this decision the court is supported by a wealth of authority.

In other cases where the courts have overruled affidavits of bias and prejudice the authorities hold that it is fitting and proper that the judge proceed with the trial of the case. These same authorities also hold that the action of the district judge in overruling the affidavits is reviewable in the Circuit Court of Appeals on error. This action of the district judge may be also the subject of certain alternative writs to the Circuit Court of Appeals, and from the decision thereon the defendants may appeal to the Supreme Court; so that many months might elapse before the trial of these three defendants.

All of the defendants have a constitutional right to a speedy trial. This would be denied fifty of them should the preliminary matters of the three complaining defendants be litigated in the manner mentioned.

In the recent mail fraud trial of Gilbert and others who are defendants under the pending indictment many of the witnesses were well advanced in years. It is reasonable to assume this will be true as to many witnesses in the trial of the fifty-three defendants here. It is equally reasonable to assume that the trial may be interrupted by indisposition of these witnesses should a long delay ensue before trial. Thus the court is faced with the alternative of proceeding with the trial in face of the opportunity thus afforded the three complaining defendants to bring about delays or of withdrawing as trial judge.

Solely for the purpose of facilitating the prompt and speedy determination of the real issue between the United States of America and these fifty-three defendants and avoiding costly and unnecessary litigation of side issues injected by these three defendants, this court will withdraw as trial judge and will request that another judge be assigned to try said cases.