**HURD et al. v. LETTS.**

Misc. No. 94.

United States Court of Appeals
District of Columbia.

Oct. 17, 1945.

Mr. Charles H. Houston, of Washington, D. C., for petitioner.

No appearance for respondent.

Before GRONER, C. J., and EDGERTON, J.

PER CURIAM.

This is a motion for leave to file a petition, the purpose of which is to obtain an order of this court requiring Judge Letts to recuse himself because of personal prejudice from further participation in the suit of Hodge et al., Plaintiffs v. Urciolo et al., Defendants, now on trial in the District Court of the United States for the District of Columbia.

The petition shows that the suit involves the question of the validity of a restrictive covenant in a deed to real estate in the District of Columbia as follows: "Subject also to the covenants that said lot shall never be rented, leased, sold, transferred or conveyed unto any Negro or colored person under a penalty of Two Thousand Dollars ($2,000), which shall be a lien against said property."

The trial was begun before Judge Letts on Tuesday, October 9, 1945. On Saturday, October 13th, "petitioner's counsel discovered for the first time that the presiding Justice, respondent herein, lives in a house with a similar covenant on its title."

Thereupon counsel prepared and presented to the court an affidavit under § 21, Judicial Code, Title 28 U.S.C.A. § 25, to disqualify the Judge on the ground of personal prejudice, bias and interest. Judge Letts declined to recuse himself, stating that he was only a "tenant by the month" of the house occupied by him and knew nothing of the state of the title.

We are of opinion that the action of the judge was entirely proper. Nothing is now better established than the rule that a sufficient affidavit under the statute must state facts and reasons which tend to show personal bias and prejudice regarding the justiciable matter pending and must give

support to the charge of a bent of mind that may prevent or impede impartiality of judgment. Berger v. United States, 255 U.S. 22, 33, 41 S.Ct. 230, 65 L.Ed. 481.

 Accordingly, the question in all such cases is whether the affidavit asserts facts from which a sane and reasonable mind might fairly infer personal bias or prejudice on the part of the judge. The only fact stated here is that the judge occupied (as a tenant) a residence in the Northwest section of the City of Washington, the title to which is subject to a similar restrictive covenant. It is a far-fetched conclusion that because of this fact, which admittedly the judge did not know of, for which he is neither responsible nor accountable, and which was first brought to his attention by the filing of the affidavit, would under any circumstances create in his mind a personal prejudice against the defendants in the instant action. We have therefore no hesitation in holding: (1) that the affidavit is legally insufficient under the statute; and (2) as an additional reason for denying the prayer, that an adequate remedy of appeal exists from the denial by the judge of the sufficiency of the affidavit. Ex parte American Steel Barrel Co., 230 U.S. 35-45, 33 S.Ct. 1007, 57 L.Ed. 1379.

 The case, as we have seen, has reached the point where it must be nearing its conclusion. The affidavit was not filed until the fifth day of the trial. While the rule that it must be filed in advance of the trial is not applicable here, for the reason that the facts were then unknown to petitioners and their counsel, there is every reason of convenience in the conduct of the business of the court that the question now presented to us should be, as it may be, reserved for appeal if counsel are so minded. In this respect, we are in agreement with the opinion of the 8th Circuit in Minnesota & Ontario Paper Co. v. Molyneaux, 70 F. 2d 545, in which it was held that, unless there are special circumstances—none of which are shown here—requiring the issuance of the writ of prohibition, it will not ordinarily issue where the remedy of appeal exists.

Application for leave to file petition for writ denied.