**UNITED STATES of America,**
**Plaintiff,**

v.

**Gene Z. HANRAHAN et al., Defendants.**

**Cr. No. 269–62.**

United States District Court
District of Columbia.

Dec. 21, 1965.

472

Donald A. Smith, Asst. U. S. Atty., for plaintiff.

Charles B. Murray, Washington, D. C., for defendants.

SIRICA, District Judge.

On July 22, 1959, three District of Columbia residents were indicted in Puerto Rico for fraudulent use of the mail. The trial was set for November 16, 1959, in Puerto Rico. However, on October 28, 1959, the defendants moved for a change of venue because prejudicial pretrial publicity against them in Puerto Rico made a fair trial there impossible. On May 24, 1960, this motion was granted and on August 5, 1960, defendants were arraigned in the United States District Court for the District of Columbia.[1] Subsequently, the government dismissed the original indictment, and on March 26, 1962, a new indictment was returned in the District of Columbia alleging the same mail fraud scheme but involving different mailings. Prior to and during the trial in this Court, the defendants moved for dismissal of the indictment on the grounds that they had been denied a speedy trial. These motions were denied because the Court felt the second indictment charged different offenses than those charged in the first indictment, and that different prosecutions were involved. The defendants were convicted by a jury after a trial of approximately three months duration. These convictions were appealed to the United States Court of Appeals for the District of Columbia Circuit, and the case was remanded to this Court.[2] This Court now must hold a hearing to determine whether the prosecutor exercised reasonable diligence in seeking the second indictment, and why the original indictment was brought in Puerto Rico instead of the District of Columbia, where the defendants lived and where the offense centered, and through the answers to these and other questions, decide whether the defendants were deprived of a speedy trial.

On November 5, 1965, and prior to the scheduling of a hearing on the questions raised by the Court of Appeals, this Court was presented by the defendant Gene Z. Hanrahan, with an affidavit of prejudice and an application for the designation of another judge to hear any further proceedings.[3] This affidavit was filed pursuant to 28 U.S.C. § 144 (1948) which provides:

Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding.

The affidavit shall state the facts and the reasons for the belief that bias or prejudice exists, and shall be filed not less than ten days before the beginning of the term at which the proceeding is to be heard, or good cause shall be shown for failure to file it within such time. A party may file only one such affidavit in any case. It shall be accompanied by a certificate of counsel of record stating that it is made in good faith.

---

1. Under Hagner v. United States, 285 U.S. 427, 52 S.Ct. 417, 76 L.Ed. 861 (1932), venue lay in this district since the letters were mailed in the District of Columbia.

2. Hanrahan v. United States, 348 F.2d 363 (D.C.Cir.1965).

3. The affidavit and accompanying certificate are set out in Appendix A.

In a memorandum opinion filed November 15, 1965,[4] this Court found that the affidavit filed by the defendant Hanrahan complied with the timeliness requirement of the statute. However, the affidavit was not accompanied by a certificate of counsel of record, and for this reason it was deemed to be legally insufficient. It appearing, however, that the defendant Hanrahan was not represented by counsel when the affidavit was filed, the Court allowed the defendant two weeks in which either to retain counsel, or seek the appointment thereof, and to obtain the required certificate. Counsel for defendant Hanrahan having now entered an appearance and having filed a certificate to accompany the application and affidavit, the Court must now determine whether, on the basis of the papers filed, it must disqualify itself from proceeding further in this case. For the reasons which will be hereinafter stated, the Court is of the opinion that it must refuse to disqualify itself, and that the affidavit should be stricken from the record as legally insufficient.

██ "Democracy must, indeed, fail unless our courts try cases fairly, and there can be no fair trial before a judge lacking in impartiality and disinterestedness." In re J. P. Linahan, Inc., 138 F.2d 650, 651 (2d Cir. 1943) (Frank, J.). The existence of a fair and impartial tribunal is a basic requirement of due process. See In re Murchison, 349 U.S. 133, 75 S.Ct. 623, 99 L.Ed. 942 (1955). The purpose, then, of the statute is to secure for all litigants a fair and impartial trial before a judge completely devoid of any personal bias or prejudice. Mitchell v. United States, 126 F.2d 550, 552 (10th Cir.), cert. denied, 316 U.S. 702, 62 S.Ct. 1307, 86 L.Ed. 1771 (1942). It is interesting to note that when seeking leave to appeal in *forma pauperis*,[5] and in their brief on appeal,[6] defendant Hanrahan and

his co-defendants did not allege that they were deprived of a fair and impartial tribunal, or that they were prejudiced by any comments or bias on the part of the Court. Furthermore, under the plain error rule, the Court of Appeals is presumed to have searched the record, and would be expected to have discovered any bias or prejudice affecting the defendants' rights, if such bias or prejudice existed. No such finding was made.

What has been said should indicate to the average intelligent reader the frivolous nature of the charges made against this Court by defendant Hanrahan. But to satisfy its curiosity, the Court caused to be read the entire transcript of the testimony in this case, amounting to more than six thousand pages, and has personally read every comment it made during the course of this protracted and difficult trial, which by, the wildest stretch of the imagination, could possibly be construed to indicate any personal bias or prejudice against any of the defendants. The result of this exhaustive examination indicates to the Court that not once during the three months of trial did it say or do anything, in or out of the presence of the jury, that could possibly be interpreted as indicating any personal bias or prejudice on its part against defendant Hanrahan or any defendant.

██ Notwithstanding the foregoing, when presented with an application and affidavit such as this one, a Court may not pass upon the truth or falsity of the allegations, but must accept them as true for the purpose of determining the legal sufficiency of the affidavit. See Berger v. United States, 255 U.S. 22, 26, 41 S.Ct. 230, 65 L.Ed. 481 (1921); Ex parte American Steel Barrel Co., 230 U.S. 35, 33 S.Ct. 1007, 57 L.Ed. 1379 (1913); Korer v. Hoffman, 212 F.2d 211, 45 A.L.R.2d 930 (7th Cir. 1954). "He is precluded from refusing to recuse him-

4. The Court's memorandum opinion is set out in Appendix B.

5. See Transcript, June 28, 1963, United States v. Hanrahan, Criminal No. 269–62 (D.D.C.)

6. See Brief for Appellants, Hanrahan v. United States, 348 F.2d 363 (D.C.Cir. 1965).

self by any inquiry into or discovery about the truth or falsity of the facts alleged. In other words, the judge is denied that 'day in court' to whose provision for others he owes his very office." United States v. Parker, 23 F.Supp. 880, 882–883 (D.N.J.1938), aff'd, 103 F.2d 857 (3rd Cir.), cert. denied, 307 U.S. 642, 59 S.Ct. 1044, 83 L.Ed. 1522 (1939). "In the last analysis, the statute involved is not concerned with the actual state of mind of the judge or litigant, but only with what the latter is willing to incorporate in an affidavit and counsel to indorse." Johnson v. United States, 35 F.2d 355, 357 (D.C.W.D.Wash.1929). If the affidavit, application and certificate of counsel comply with the statutory standards, the judge has no alternative but to recuse himself, no matter how defamatory the charges may be and even if they are known to the Court to be false. See Morse v. Lewis, 54 F.2d 1027, 1031 (4th Cir.), cert. denied, 286 U.S. 557, 52 S.Ct. 640, 76 L.Ed. 1291 (1932); Freed v. Inland Empire Ins. Co., 174 F.Supp. 458, 461 (D.Utah 1959). On the other hand, if the statutory requirements are not satisfied, it is the duty of the judge to refuse to disqualify himself. See Simmons v. United States, 302 F.2d 71 (3rd Cir. 1962); In re Federal Facilities Realty Trust Co., 140 F.Supp. 522, 524 (N.D. Ill.1956). As stated in In re Union Leader Corp., 292 F.2d 381, 391 (1st Cir. 1961), "There is as much obligation upon a judge not to recuse himself when there is no occasion as there is for him to do so when there is." Thus, the mere filing of an affidavit of prejudice does not automatically disqualify a judge, United States v. Gilboy, 162 F.Supp. 384, 388 (M.D.Pa.1958), but the judge must pass upon the legal sufficiency of the facts well-pleaded, see Green v. Murphy, 259 F.2d 591, 593 (2d Cir. 1958); Eisler v. United States, 83 U.S.App.D.C. 315, 170 F.2d 273, 278 (1948).

■■■ While factual allegations may not be controverted, it appears to be beyond dispute that the statutory requirements must be strictly followed, see, e. g., Scott v. Beams, 122 F.2d 777, 788 (10th Cir. 1941), cert. denied, Brady v. Beams, 315 U.S. 809, 62 S.Ct. 794, 86 L.Ed. 1208 (1942); In re Federal Facilities Realty Co., supra, 140 F.Supp. at 524, and that the affidavit itself must be strictly construed, see, e. g., United States v. Gilboy, supra, 162 F.Supp. at 388; Sanders v. Allen, 58 F.Supp. 417, 420 (S.D.Cal.1944). It must state facts as opposed to conclusions, Inland Freight Lines v. United States, 202 F.2d 169, 171 (10th Cir. 1953), and while the information and belief of the affiant as to the truth of the allegations are sufficient, Berger v. United States, supra, 255 U.S. at 34, 41 S.Ct. 230, mere rumors and gossip are not enough, Id. at 33, 41 S.Ct. 230. The identifying facts of time, place, persons, occasion and circumstances must be set forth, Johnson v. United States, supra, 35 F.2d at 357, with at least that degree of particularity one would expect to find in a bill of particulars, see Morse v. Lewis, supra, 54 F.2d at 1032; United States v. Gilboy, supra, 162 F.Supp. at 392–393, although the detail of an indictment is not demanded, Nations v. United States, 14 F.2d 507 (8th Cir.), cert. denied, 273 U.S. 735, 47 S.Ct. 243, 71 L.Ed. 866 (1926). The requirement that facts and reasons supporting the belief of bias be stated in the affidavit removes the averments from the irresponsibility of unsupported opinion and thus affords protection against the obvious possibility of abuse. See Berger v. United States, supra, 255 U.S. at 33, 41 S.Ct. 230.

■■■ Once it is established that the affidavit states facts and that these facts are stated with sufficient particularity, it must then be ascertained whether these facts would fairly convince a sane and reasonable mind that the judge does in fact harbor the personal bias or prejudice contemplated by the statute. See United States v. Hoffa, 245 F.Supp. 772, E.D.Tenn., Sept. 22, 1965 (Wilson, J.); Fieldcrest Dairies v. City of Chicago, 27 F.Supp. 258 (N.D.Ill.1939), rev'd on other grounds, 122 F.2d 132 (7th Cir. 1941), vacated, 316 U.S. 168, 62 S.Ct. 986, 86 L.Ed. 1355 (1942). It is well established that the facts "must give fair support to

the charge of a bent mind that may prevent or impede impartiality." Berger v. United States, supra 255 U.S. at 33–34, 41 S.Ct. at 233. "The basis of the disqualification is that 'personal bias or prejudice' exists, by reason of which the judge is unable to impartially exercise his functions in the particular case." In re American Steel Barrel Co., supra 230 U.S. at 43, 33 S.Ct. at 1010. The factual allegations must establish by more than a prima facie case, but not beyond a reasonable doubt, see, e. g., United States v. Gilboy, supra 162 F. Supp. at 393, that the mind of the judge is closed to justice, N. L. R. B. v. Baldwin Locomotive Works, 128 F.2d 39, 57 (3rd Cir. 1942); that the judge has a personal bias or prejudice against the affiant which is of such a nature, and of such intensity, that it would render the judge unable to give the affiant the fair trial to which every litigant is entitled. Obviously, such a showing could rarely be made. See In re American Steel Barrel Co., supra 230 U.S. at 43–44, 33 S.Ct. 1007.

In addition to establishing that a prejudice or bias harbored by a judge is of such a nature that it has, or may have, closed his mind to justice, the factual allegations must also show that this bias is *personal,* as opposed to *judicial,* in nature. See, e. g., Gallarelli v. United States, 260 F.2d 259 (1st Cir. 1958), cert. denied, 359 U.S. 938, 79 S.Ct. 654, 3 L.Ed.2d 638 (1959); United States v. Gilboy, supra 162 F.Supp. at 394. It is the word "personal" which is of great significance. See Craven v. United States, 22 F.2d 605, 607 (1st Cir. 1927), cert. denied, 276 U.S. 627, 48 S.Ct. 321, 72 L.Ed. 739 (1928). It characterizes an attitude towards or opinion about the affiant of extra judicial origin unrelated to his status as a party but pertaining to him as an individual. The distinction to be drawn is "between a judicial determination derived from evidence and lengthy proceedings had before the court, and a determination not so founded upon facts brought forth in court, but based on attitudes and conceptions that have

their origins in sources beyond the four corners of the courtroom." In re Federal Facilities Realty Trust Co., supra 140 F.Supp. at 526. A bias or prejudice, if it may be called that, consisting merely in a state of mind based on the evidence adduced in open court is not the personal bias proscribed by the statute. See United States v. Gilbert, 29 F.Supp. 507, 508–509 (S.D.Ohio 1939). "The statute never contemplated crippling our courts by disqualifying a judge, solely on the basis of a bias (or state of mind, 255 U.S. 42, 41 S.Ct. 236, 65 L.Ed. 481) against wrongdoers, civil or criminal, acquired from evidence presented in the course of judicial proceedings before him. Any other construction would make the statute an intolerable obstruction to the efficient conduct of judicial proceedings, now none too speedy or effective." Craven v. United States, supra 22 F.2d at 608.

To be able to rule upon a motion for directed verdict, or for judgment of acquittal, to decide the applicability of offered instructions, or to decide upon a motion for a new trial, for example, a judge must be intimately familiar with the evidence in the case and this familiarity cannot help but produce in the human mind feelings as to the merits of the case. Indeed, a federal judge has the right to comment to the jury on the evidence adduced at trial, so long as he does so fairly, accurately and impartially, and instructs the jury that they are not bound by his comments. Quercia v. United States, 289 U.S. 466, 53 S.Ct. 698, 77 L.Ed. 1321 (1933). It necessarily follows that the judge may form opinions as to the evidence and consequently, as to the merits of the case.

Having in mind the legal principles heretofore outlined, the Court will now consider the question of whether or not the affidavit of prejudice is legally sufficient. The affidavit contains the following allegations as the basis for the disqualification of this Court: (1) the Court declared to counsel at the bench that in his opinion Gene Z. Hanrahan and all of the other defendants were guilty of violating 18 U.S.C. § 1341, which state-

ments were related to defendant Hanrahan by counsel; (2) the Court told the prosecuting attorney that he should bring specific witnesses to refute the testimony of the defendant Hanrahan; (3) that the Court during the course of the trial and on numerous occasions threatened to lock up the defendant Hanrahan if he did not plead guilty; (4) when granting a defense motion, the Court said that he did not want any defendants to slip out of the case by obtaining a reversal on a technicality; and (5) that the Court said that everyone is entitled to his day in court but that Hanrahan and the other defendants had had more than their day in court.

As to the first of these allegations, while it appears well settled that an allegation upon information and belief will suffice, the allegation merely indicates that the Court believed that the defendants were guilty of the crime for which they had been indicted. This statement indicates a state of mind resulting from the evidence introduced in open court, which, as has been demonstrated, is not what the statute proscribes. The second allegation is also insufficient as the only reasonable interpretation of it, as it reads, is that the Court did not believe the testimony of the defendant as a witness. Furthermore, although the truth of the allegation cannot be controverted, "[t]he fair meaning of any remark must be interpreted in the light of the context in which it is uttered." Foster v. Medina, 170 F.2d 632, 633 (2nd Cir. 1948), cert. denied, 355 U.S. 909, 69 S.Ct. 412, 93 L.Ed. 442 (1949). During the course of the direct examination of the defendant Hanrahan, defense counsel attempted to elicit from him the substance of a statement made to him by another person. In overruling the government's objection to this line of questioning, the Court indicated that the government could cross examine the defendant Hanrahan on this point and that it could call this other person as a rebuttal witness. It might be noted the

above occurred at a bench conference.[7] Obviously, such a suggestion could not possibly indicate a "bent mind that may prevent or impede impartiality." The fourth allegation is equally without merit. The only inference possible from a statement of this nature is that the Court might have felt that the defendants were guilty, which, as indicated, is insufficient. The fifth allegation is also insufficient when viewed in the light of the fact that this was a protracted and difficult case involving many witnesses and that a great deal of latitude was given not only to the government but the defense. The only fair interpretation that could be placed upon this allegation is that the defendants had received more than an ample opportunity to present their defense.

The third allegation is not only untrue, but also ridiculous. It is inconceivable that any sane and reasonable mind could believe that such a statement was made especially since the Court has no power to lock up a defendant in order to coerce a plea of guilty, and even if it did, a plea resulting from such action would be invalid. It is defamatory allegations like this, without the slightest support in the record, that point out the abuse inherent in a statutory disqualification procedure, which does not allow examination into whether the comments were actually made, although this is a matter of public record, and does not require any form of documentation. Nonetheless, assuming that such a statement was made, and construing it strictly, as is required, the Court holds it to be legally insufficient. Such a statement would obviously be intemperate. However, all it indicates is a conviction that the defendant is guilty, expressed by an injudicious choice of language during a long trial. It does not indicate any *personal* bias against defendant Hanrahan as a person, but rather a *judicial* state of mind against wrongdoers in general. A desire to see a defendant in jail, based solely on the evidence presented in court,

7. See Transcript pp. 4414–4418; 4632–4634.

and not upon any personal dislike for the defendant, no matter how injudiciously this desire is expressed, is not grounds for disqualification, although if communicated to the jury, it could be the basis for declaring a mistrial or for reversal.

Assuming without conceding, that one or more of the allegations are sufficient, as a matter of law to show personal bias on the part of the Court which would render it unable to exercise its duties in this case impartially, it is the opinion of the Court that the certificate of counsel which accompanies the affidavit [8] is defective, and that accordingly, the application, affidavit, and certificate should be stricken.

 The purpose of the requirement that an affidavit of prejudice under Section 144 be accompanied by a certificate of good faith filed by counsel of record, is to prevent abuse. Under this section, "[c]ounsel of record * * * has an obligation which he owes to the court as well as to his client, and he owes a public duty to aid the administration of justice, to uphold the dignity of the court and respect its authority." United States v. Onan, 190 F.2d 1, 6–7 (8th Cir.), cert. denied, 342 U.S. 869, 72 S.Ct. 112, 96 L.Ed. 654 (1951). The certificate "requirement is founded on the assumption that a member of the bar or counsel of record will not indulge in reckless disregard of the truth, and further attests to the good faith and belief of the affiant." Mitchell v. United States, supra 126 F.2d at 552; see United States v. Gilboy, supra 162 F.Supp. at 391.

 A charge of prejudice is a most serious matter, and is not to be lightly or frivolously made. Accordingly, counsel should not affix his name without consirerable deliberation and investigation as to whether the allegations in the affidavit are true. Certainly, counsel should do more than accept the word of his client as he apparently did in this instance. "[T]hese affidavits should be prepared with the utmost care and certainty as to the facts." Eisler v. United States,

83 U.S.App.D.C. 315, 170 F.2d 273, 283 (1948) (Prettyman, J., dissenting). "If a certificate is to serve the purpose of shielding a court which cannot test the truth of claimed facts, it should at least carry the assertion that counsel believes the facts alleged to be accurate and correct." In re Union Leader Corp., supra 292 F.2d at 385.

 It has been held that the Court cannot pass upon the good faith of the affiant. See Simmons v. United States, 302 F.2d 71, 75 (3rd Cir. 1962). Nonetheless, "[w]hile the belief is that of the defendant, the good faith certified to as to the affidavit and certificate includes that of counsel," United States v. Gilboy, supra 162 F.Supp. at 392, and a certificate which does not indicate the good faith of counsel is defective. In re Union Leader Corp., supra 292 F.2d at 385. The certificate is at very best a hollow protection if it is sufficient for counsel merely to ask the affiant if he is acting in good faith. Furthermore, under rule 11 of the Federal Rules of Civil Procedure, counsel when filing a pleading certifies that to the best of his knowledge, information and belief, there is good ground to support it. Why should the disqualification of a judge be permitted on less of a showing? Indeed, only the requirement that counsel's good faith be shown will effectively protect the courts from frivolous and unfounded allegations, which it is the purpose of the certificate to prevent. The certificate filed in this case does not certify to, or show the good faith of counsel of record, Charles B. Murray, and accordingly it is defective.

 One additional reason might be assigned for holding the certificate insufficient. On its face, the certificate indicates that it was filed with reluctance. In the opinion of this Court, a certificate of counsel indicating his reluctance, especially where such reluctance is due to his uncertainty about the affiant's good faith, as appears to be the case here, does not meet the requirements of the statute. Counsel's reluctance stems

8. See Appendix A.

from the fact that the defendant has not examined the transcript of the trial, due, according to counsel, to a lack of time and opportunity. However, it has come to the attention of the Court that the transcript of the trial proceedings was returned by the Court of Appeals to the Clerk of the District Court in August, 1965, and thus the defendant had at least two months in which to examine this public record. Furthermore, counsel indicated to the Court that he was aware of the filing of this affidavit for more than two weeks before the certificate was filed.[9] Naturally, counsel should have sufficient time to deliberate before coming to his decision on whether to place his approval on as serious a thing as an affidavit of prejudice. Nonetheless, the Court must try to prevent undue delay in the administration of justice by attempting, as best it can, to expedite the trial calendar. In striking a balance between these considerations, the Court feels that the defendant and his counsel had sufficient time within which to arrive at a careful decision, especially in view of the fact that Mr. Murray participated in the trial itself and should have a familiarity with the record.

Accordingly, and for the reasons heretofore stated, the affidavit of prejudice and certificate of counsel shall be stricken from the record.

## APPENDIX A

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

F I L E D
Nov. 5, 1965
Harry M. Hull, Clerk

United States of America
v.
Gene Z. Hanrahan et al.
} Criminal No. 269–62

### AFFIDAVIT OF PREJUDICE

Gene Z. Hanrahan, being duly sworn, on his oath deposes and says:

That he is a Defendant in the above case and that he is informed and verily believes that a motion for determination of counsel has been set for a hearing before Judge Sirica on November 10, 1965.

Gene Z. Hanrahan does further state that he was a Defendant in a previous trial of Criminal # 269–62 which began on January 14, 1963 and terminated on April 16, 1963 and that on numerous occasions Judge Sirica evidenced a personal prejudice against Gene Z. Hanrahan in declaring to counsel at the bench that in his opinion Gene Z. Hanrahan and all of the other defendants were guilty of violating 18 U.S.C. 1341, "Use of the Mail in a Scheme to Defraud" which statements were related to Gene Z. Hanrahan by his counsel.

Gene Z. Hanrahan further swears that while he was testifying in the above trial, Judge Sirica evidenced his personal prejudice against Gene Z. Hanrahan by telling the prosecuting attorney that he should bring specific witnesses to refute the testimony of Gene Z. Hanrahan.

Gene Z. Hanrahan further swears that during the course of the above trial, Judge Sirica on numerous occasions threatened to lock up Gene Z. Hanrahan, if he did not plead guilty.

Gene Z. Hanrahan further swears that while he was testifying, Judge Sirica evidenced a personal prejudice against him by stating at the time he granted a defense motion that he did not want Gene Z. Hanrahan or the other defendants to

---

9. See Transcript, United States v. Hanrahan, et al., Crim. No. 269–62 (D.D.C.) Nov. 29, 1965, pp. 6–8.

slip out of the case by obtaining a reversal on a technicality.

Gene Z. Hanrahan further swears that Judge Sirica declared in his hearing that everyone was entitled to his day in court but that Gene Z. Hanrahan and the other Defendants had had more than their day in Court.

Wherefore Gene Z. Hanrahan respectfully requests that Judge Sirica shall proceed no further herein and another judge be assigned to hear any further proceedings herein.

/s/ Gene Z. Hanrahan
———————————————
Gene Z. Hanrahan

Subscribed in my presence and sworn to before me this 5th day of November, 1965.

Harry M. Hull, Clerk

By: /s/ Helen M. Brosnan
———————————————
Deputy Clerk

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

F I L E D
Nov. 30, 1965
Harry M. Hull, Clerk

United States of America ⎫
 vs ⎬ Criminal No. 269–62
Gene Z. Hanrahan et al ⎭

## CERTIFICATE TO ACCOMPANY AFFIDAVIT OF PREJUDICE OF DEFENDANT HANRAHAN

Charles B. Murray, counsel of record for Defendant Gene Z. Hanrahan, hereby certifies, as required by Title 28 United States Code Sec. 144, that the affidavit of prejudice of Gene Z. Hanrahan, filed in this case was made in good faith.

Counsel would prefer to withhold this certificate until Defendant Hanrahan had searched the transcript of proceedings for support of the allegations in his affidavit. However, it is impossible for said Defendant to obtain and read the transcript in the time allowed by the Court for the filing of this certificate.

/s/ Charles B. Murray
———————————————
Charles B. Murray
Attorney for Defendant
 Gene Z. Hanrahan
1001 Connecticut Avenue, N. W.
Washington, D. C. 20036

## APPENDIX B

### IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA, ⎫
 Plaintiff ⎪
 ⎬ Criminal No. 269–62
 v. ⎪
GENE Z. HANRAHAN, et al., ⎪
 Defendants ⎭

F I L E D
Nov. 15, 1965
Harry M. Hull, Clerk

### MEMORANDUM OPINION

The Court has before it an affidavit of prejudice dated November 5, 1965, and sworn to by the defendant, Gene Z. Hanrahan. When such an affidavit is filed against a judge, he is not permitted to raise a hand in his own defense no matter how false, scurrilous or mendacious the charges may be. The truth of these accusations is not in issue. Accordingly, the Court will not comment upon the

charges leveled against it, and will not dignify the accusations made by defendant Hanrahan by reading them into the record at this time.

The Congress of the United States has provided that:

> Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding.

> The affidavit shall state the facts and the reasons for the belief that bias or prejudice exists, and shall be filed not less than ten days before the beginning of the term at which the proceeding is to be heard, or good cause shall be shown for failure to file it within such time. A party may file only one such affidavit in any case. It shall be accompanied by a certificate of counsel of record stating that it is made in good faith. 28 U.S.C. § 144 (1948).

Under this statute, the judge must examine "the affidavit to determine whether or not it is the affidavit specified and required by the statute and to determine its legal sufficiency. If he finds it to be legally sufficient then he has no other or further duty to perform than that prescribed (by the statute)." Berger v. United Statees, 255 U.S. 26, 32, 41 S.Ct. 230, 232, 65 L.Ed. 481 (1921). The judge is not to determine whether the allegations in the affidavit are true. The truth of the allegations may be tested in an action for perjury, if the Government decides that such a charge is warranted. There are only two issues to be considered when an affidavit of prejudice is filed against a judge: (a) whether the affidavit is timely, and (b) whether it is legally sufficient under the statute.

As to the first issue, the Court considers the affidavit filed on November 5, 1965, to be timely. The purpose of the requirement of timeliness is to prevent undue interruption of the trial and to insure that the affidavit is based upon facts antedating the matter in which it is filed. See Ex Parte American Steel Barrel Co., 230 U.S. 35, 42, 33 S.Ct. 1007, 57 L.Ed. 1379 (1913). In the instant case, no date has been set for a hearing on the questions raised by the Court of Appeals, and, accordingly, there would be no interruption of the hearing by the filing or hearing of this motion. Further, the facts alleged as a basis for the affidavit allegedly took place at the original trial, which antedate any proceedings which would take place as a result of the Court of Appeals' remand.

As to the question of legal sufficiency, there are two further issues to be resolved. The affidavit must be in the form prescribed by the statute, and it also must "[assert] facts from which a sane and reasonable mind might fairly infer personal bias or prejudice on the part of the judge." Hurd v. Letts, 80 U.S.App. D.C. 233, 234, 152 F.2d 121, 122 (1945). Because of its treatment of the first of these issues, the Court will not deal with the second issue at this time.

As indicated earlier, the statute requires that the affidavit of prejudice "be accompanied by a certificate of counsel of record stating that it is made in good faith." No such certificate accompanies the affidavit filed in this case, and for that reason it is legally insufficient. However, when this affidavit was filed apparently the defendant Hanrahan was not represented by counsel. Accordingly, the Court has decided to allow defendant to retain counsel, or if financially unable to retain counsel, to file the proper affidavits to that effect, and counsel will be appointed. In either case, defendant will have until November 29th at 10:00 a. m. to file his affidavit of prejudice in the statutory form.

/s/ John J. Sirica
United States District Judge

November 15, 1965