**UNITED STATES of America, Plaintiff,**

v.

**Everett W. GROSS, L. Mary Gross, Paul J. Brunet, Harlan F. Pygman and Joseph Pygman, Defendants.**

**No. 68–Cr–509–EC.**

United States District Court
N. D. Iowa, E. D.
Oct. 9, 1968.
Order Nov. 15, 1968.

Asher E. Schroeder, U. S. Atty., Sioux City, Iowa, for plaintiff.

Robert Matias, Cedar Rapids, Iowa, for L. Mary Gross.

Gene V. Kellenberger, Cedar Rapids, Iowa, for Everett W. Gross.

John R. Hughes, Cedar Rapids, Iowa, for Joseph Pygman.

Michael O. McDermott, Cedar Rapids, Iowa, for Paul J. Brunet.

A. E. Sheridan, Waukon, Iowa, for Harlan F. Pygman.

## ORDER

McMANUS, Chief Judge.

This matter is before the court on defendant Everett W. Gross' "Declination of Appointment of Counsel" filed September 24, 1968, plaintiff's reply thereto filed September 30, 1968, said defendant's "Affidavit of Disqualification" filed August 12, 1968, "Motion to Vacate Trial Setting" and "Amendment to Motion to Produce Books and Matters" filed September 24, 1968, and "Supplemental Affidavit of Disqualification" filed September 25, 1968.

Because of its bearing on the "Affidavits of Disqualification" and the "Motion to Vacate Trial Setting," the court will first rule on the "Declination."

## DECLINATION OF APPOINTMENT OF COUNSEL

An examination of the record discloses that on July 31, 1968, Mr. A. E. Sheridan of Waukon, Iowa, an attorney of defendant's own choosing, appeared before this court on behalf of and with the defendant for the purpose of arraignment only. Defendant is a resident of Helena, Montana, and Waukon is approximately 120 miles from Cedar Rapids.

Immediately after his arraignment that afternoon, the defendant orally requested the appointment of counsel and pursuant to the Criminal Justice Act, 18 U.S.C. § 3006A, he executed CJA Form 3a, Affidavit of Financial Status. In conjunction with his request Mr. Gross asked that the court appoint Mr. Sheridan to represent him and was advised by the court that it would not necessarily do so.

On August 1, 1968, Mr. Gene V. Kellenberger of Cedar Rapids, Iowa, an experienced and competent attorney, was appointed to represent Mr. Gross pursuant to this District's Plan [1] under the Criminal Justice Act. The Order (CJA Form 3a) appointing Mr. Kellenberger provided in part as follows:

"* * * IT IS ORDERED that the following member of the Bar is hereby appointed to represent the defendant in all matters pertaining to this action in the district court unless and until relieved by order of the district court * * *"

On September 24, 1968, Mr. Gross filed *pro se* "Declination of Appointment of Counsel" as follows:

"Comes now defendant Everett W. Gross, and respectfully declines the ap-

---

[1]. Providing in part as follows:
"* * * 2. c. The defendant shall not have the right to select his appointed counsel from the panel of approved attorneys or otherwise. For good cause, the Judge or Commissioner may reject an appointed attorney, substitute one appointed counsel for another at any stage of the proceedings, and the Judge may appoint more than one counsel to represent a defendant if deemed necessary.

2. d. Counsel appointed by the Commissioner or the Judge shall, unless excused by Order of Court, continue to represent the defendant throughout the proceedings in this Court. * * *"

pointment of Gene Kellenberger, Attorney, 615 Merchants Bank Building, Cedar Rapids, Iowa, as counsel for this defendant in the above entitled matter, and states that Gene Kellenberger does not now, nor has he at any time represented this defendant in this matter. All filings in this matter are made by this defendant pro se.

Defendant Everett W. Gross respectfully asks that no other attorney be appointed for him in this matter until he makes written request of the Court for such appointment."

As a general rule, the right to court-appointed counsel does not carry with it the right to select a particular attorney. United States v. Burkeen, 355 F.2d 241 (6th Cir. 1966). In the Northern District of Iowa, under the Criminal Justice Act of 1964, the choice of court appointed counsel is for the court and not for the defendant. Par. 2 c. fn. 1, *supra*; United States v. Davis, 365 F.2d 251 (9th Cir. 1966). Absent a showing of good cause the district court may not reject an appointed attorney and appoint another at a later stage of the proceedings. Par. 2 c. fn. 1, *supra*; see United States v. Abbamonte, 348 F.2d 700 (2d Cir. 1965); United States v. Curtiss, 330 F.2d 278 (2d Cir. 1964); Johnson v. United States, 318 F.2d 855 (8th Cir. 1963). Furthermore, the right of a defendant to discharge court-appointed counsel and his right to defend *pro se* are not absolute but are discretionary with the court within the bounds of orderly administration of justice. 28 U.S.C.A. § 1654, cases cited n. 7; United States v. Davis, 260 F.Supp. 1009 (D.C. Tenn.1966); Ann. 157 A.L.R. 1226, cases cited and supplemented; see also 77 A.L.R.2d 1234.

An examination of Mr. Gross' "Declination" discloses that it is neither an un-

equivocal discharge nor waiver noting that he conditionally " * * * asks that no other attorney be appointed for him in this matter *until he makes written request of the court for such appointment.*" (emphasis added). In addition, it wholly fails to allege any grounds or cause to warrant this court's rejection of Mr. Kellenberger's appointment.

From the record in this case it appears to the court that this defendant has had fair representation by competent assigned counsel who has proceeded according to his best judgment and the usually accepted canons of criminal trial practice and that no cause exists for rejection.

## MOTION TO VACATE TRIAL SETTING

As to this motion it is noted that Mr. Kellenberger was appointed to represent Mr. Gross on August 1, 1968; that since said date defendant has been at liberty except for the period of August 12, 1968, to September 21, 1968, during which time he was incarcerated in Cedar Rapids, Iowa, the city of his attorney's residence. On August 23, 1968, at the time of the arraignment of the three remaining defendants, the trial date for this case was set for October 21, 1968.

Considering all the circumstances including the fact that the Government has long heretofore made complete disclosure of all documentary evidence upon which it relies, the court is of the view that defendant's motion is not well taken.

## AFFIDAVITS OF DISQUALIFICATION

Mr. Gross' "Affidavit of Disqualification" filed August 12, 1968, and his "Supplemental Affidavit of Disqualification" filed September 25, 1968, were filed *pro se*, apparently pursuant to § 144 of Title 28.[2] This statute has been con-

2. 28 U.S.C. § 144 provides:
"Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further there-

in, but another judge shall be assigned to hear such proceeding.
The affidavit shall state the facts and the reasons for the belief that bias or prejudice exists, and shall be filed not less than ten days before the beginning of the term at which the proceeding is to be heard, or good cause shall be shown

strued by the courts on many occasions and the legal principles involved in its application are well settled.

The purpose of the statute is to secure for all litigants a fair trial before a fair judge completely devoid of any personal bias or prejudice. The mere filing of an affidavit of prejudice does not automatically disqualify a judge. He may pass only upon its legal sufficiency. The affidavit itself must be strictly construed and state facts rather than conclusions. The facts so stated must show a prejudice or bias on the part of the judge of a *personal* as opposed to a *judicial* origin. United States v. Hanrahan, 248 F.Supp. 471 (D.C. 1965) and cases cited therein.

When presented with such an affidavit a judge may not refuse to recuse himself by inquiring into the truth or falsity of the facts averred. In other words, the judge is denied that "day in court" to whose provision for others he owes his very office. If the affidavit and certificate of counsel strictly follow the statutory requirements the judge has no alternative but to recuse himself no matter how defamatory the charges may be and even if they are known to the court to be false. On the other hand, if the statutory requirements are not satisfied it is the duty of the judge to refuse to disqualify himself. United States v. Hanrahan, *supra*.

The statutory requirement that an affidavit of prejudice be accompanied by a certificate of good faith filed by counsel of record is to prevent abuse and is founded on the assumption that a member of the Bar or counsel of record will not indulge in reckless disregard of the truth. Barry v. Sigler, 373 F.2d 835 (8th Cir. 1967); Cox v. United States, 309 F.2d 614 (8th Cir. 1962); United States v. Onan, 190 F.2d 1 (8th Cir. 1951); United States v. Hanrahan, *supra*.

With the foregoing principles in mind the court has examined both affidavits.[3] Neither is accompanied by a certificate

of counsel of record stating that it is made in good faith. Absent such a certificate, the affidavits are insufficient on their face, 28 U.S.C. § 144 Mayes v. United States, 177 F.2d 505 (8th Cir. 1949); *In re* Union Leader Corp., 292 F.2d 381 (1st Cir. 1961). And though filed *pro se* the defendant is not relieved of this requirement. Boyance v. United States, 275 F. Supp. 772 (1967); Beland v. United States, 117 F. 2d 958 (5th Cir. 1941).

Furthermore, the second affidavit filed September 25, 1968, is plainly in disregard of the statutory mandate that a party "may file only one such affidavit in any case." 28 U.S.C. § 144. Finally, a careful reading of both affidavits fails to disclose any factual allegations of *personal* bias or prejudice.

For the foregoing reasons, it is the court's view that said affidavits are legally insufficient.

## AMENDMENT TO MOTION TO PRODUCE BOOKS AND MATTERS

Defendant seeks copies of certain civil service examinations used during the years years 1962 to 1966 inclusive and it is the view of the court that said matters may be relevant to the issues in this case.

It is therefore

## ORDERED

1. Defendant Everett W. Gross' "Declination of Appointment of Counsel" and "Motion to Vacate Trial Setting" filed September 24, 1968, are denied.

2. Defendant's "Affidavit of Disqualification" filed August 12, 1968, and "Supplemental Affidavit of Disqualification" filed September 25, 1968, are denied and stricken.

3. By not later than Tuesday, October 15, 1968, counsel for plaintiff shall mail copies of said civil service examinations for the years 1962 to 1966 inclusive to

for failure to file it within such time. A party may file only one such affidavit in any case. It shall be accompanied by

a certificate of counsel of record stating that it is made in good faith."

3. See Appendix A.

the defendant personally at his last known address and to his attorney of record, Gene V. Kellenberger.

4. The Clerk shall mail a copy of this order and all subsequent filings in this case to the defendant, Everett W. Gross personally at his last known address as well as to his counsel of record, Mr. Gene V. Kellenberger of Cedar Rapids, Iowa.

## APPENDIX A

Affidavit filed August 12, 1968, omitting caption:

"STATE OF IOWA ⎫
COUNTY OF ALLAMAKEE ⎭ ss

I, Everett W. Gross, being first duly sworn, do depose and say on oath that I am the defendant, first above named. That this affidavit is made pursuant to the provisions of Title 28 USC 144. That the Honorable Edward J. McManus is personally biased and prejudiced against me and that I cannot have a fair and impartial trial before him in the above entitled matter. That I am without counsel in this matter and that I appear pro se. That no proceedings are had before the Honorable Edward J. McManus that would vest him with jurisdiction in this matter, and that this affiant does no (sic) act in submission to such jurisdiction. That the Honorable Edward J. McManus presided over a trial in the above entitled court, No. 66–Cr–513–EC in February of 1967 in which this affiant was a defendant in which trial the Honorable Edward J. McManus committed error against this defendant and that said conviction was reversed by the eighth Circuit Court of Appeals. That a re-trial was had on the matter in the above entitled court in July of 1968 at which time it was not possible for the Honorable Edward J. McManus not to reveal and disclose his personal animosity towards (sic) this affiant. That this affiant as a lawyer, believes that all of the rulings by the Honorable Edward J. McManus against this affiant are that of bias and prejudice. That in both trials this affiant presented several motions which called for hearings but that this affiant was not afforded hearings and that the Honorable Edward J. McManus summarily ruled against this affiant in each instance.

That on the second trial in said matter, rulings by the Honorable Edward J. McManus were consistently against this affiant, and this affiant verily believes, against the rules of evidence.

That on the sentence of this affiant following the second trial on July 31, 1968, the Honorable Edward J. McManus doubled the sentence imposed on this defendant which this affiant verily believes is contrary to law and as a penalty to this affiant for having appealed the first decision and having secured a reversal.

That the sentence imposed on this affiant would constitute cruel and harsh punishment.

That in sentencing this affiant, the Honorable Edward J. McManus refused to disclose the presentence report on this affiant. This affiant has knowledge of some of the contents of said report and it does not substantiate the sentence.

That on July 31, 1968, in open court, the Honorable Edward J. McManus upon strict examination found this affiant entirely destitute, but under these circumstances required of this affiant a bond in the sum of $5,000.00 or $500.00 cash.

That the affiant plans to move against the Indictment in this matter on most serious grounds and is entitled to a hearing but that this affiant verily believes he will not receive the same from the Honorable Edward J. McManus. This affiant verily believes that he cannot receive a fair and impartial trial with the Honorable Edward J. McManus sitting. /s/ Everett W. Gross.

Subscribed and sworn to before me this 12th day of August, 1968. /s/ Morris A. Svendson, Notary Public of Allamakee County, Iowa."

**454**

Supplemental affidavit filed September 25, 1968, omitting caption:

"STATE OF IOWA
COUNTY OF ALLAMAKEE } ss

I, Everett W. Gross, being first duly sworn, do depose and say on oath that I am the defendant first above named.

That this affidavit is made pursuant to the provisions of Title 28 USCA 144.

That this defendant is not now represented by counsel in this matter and that he has not been represented by counsel at any time in this matter since arraignment.

That on August 12, 1968, this defendant filed in this matter an affidavit of disqualification of Hon. Edward J. McManus but that the Hon. Edward J. McManus continues to ignore the mandatory provisions of the law, that he proceed no further in this matter and continues as nothing had happened. That this defendant is now compelled to and has no choice but to set forth in detail the facts of the acts, deeds and associations of the Honorable Edward J. McManus against this defendant since the year 1959. That during the years 1959–1960 the Iowa State Executive Council, consisting of top State elective officials conspired with the Iowa State Bar Association to injure this defendant all in violation of the laws of the United States of America Title 18, 241.242 and the laws of the State of Iowa 719.2. That the project was to have this defendant held in contempt of the Iowa Supreme Court, which was not accomplished, but the conspirators were successful in the injury to this defendant. That the conspirators did the following acts contrary to the above stated law and in violation of Iowa law guaranteeing privacy of communication between this defendant as an attorney and his clients. The conspirators caused the mail of this defendant to be intercepted and photostated, which mail was between this defendant attorney and his clients. That the person required to do this act, transmitted to this defendant a negative of the photostat of one of his letters as proof that the acts had been done. That the conspirators planted a secret microphone in the conference room where this defendant attorney interviewed his client and made secret tape recordings of such conferences, which were later used against this defendant. That the information that such secret recording was done was made known to this defendant by the person who planted the secret microphone. That when such illegal search and seizure was charged by this defendant, before the Iowa Supreme Court it was glibly admitted by Attorney General Norman Erbe, one of the conspirators in the presence of the Iowa Bar Association officials. That the Iowa State Bar Association threatened reprecussion (sic) to any attorney who would represent this defendant. That the actions of the conspirators are a vendetta against this defendant for having forced, on threat of exposure to the people of Iowa, of conditions existing in certain state institutions which were a shame on the State of Iowa and its citizens. That thru such secret microphone, the conspirators learned that this defendant possessed information which would cause great embarrassment to the conspirators and this defendant had to be silenced and held up to public ignominy and ridicule. That the Executive Council issued restraining orders against this defendant which were illegal and unconstitutional to accomplish their purpose. That the activities of the Iowa State Bar Association have continued and are being implemented by and thru the office of the United States District Attorney for the Northern District of Iowa; which include hurting this defendant by hurting his family whom they know to have no part in what they charge.

That this defendant presumed that upon elevation to the high office of

United States District Judge, that the Hon. Edward J. McManus would forsake his ways and associations in that as Lt. Governor of Iowa, the Hon. Edward J. McManus was a member of the Iowa State Executive Council * and part and parcel of the aforsaid (sic) actions, but that this defendant verily believes that nothing has changed, and such belief is based on the following actions of the Hon. Edward J. McManus as concerned with this defendant.

In February of 1967 the Hon. Edward J. McManus presided in this Court in 66–Cr–513–EC and made grievious (sic) error against this defendant and the conviction of this defendant was reversed by the United States Court of Appeals for the Eighth Circuit. That this defendant still did not object to the Hon. Edward J. McManus sitting at a retrial of the same matter in July 1968 but that again in this trial this defendant was not afforded his rights under the law and this defendant verily believes that prejudicial error was committed against this defendant quite in excess of the first trial.

That on August 31, 1968 the Hon. Edward J. McManus examined this defendant in open Court and learned that he operated a collection agency in Helena, Montana, without help, and that all matters were done by this defendant. That a knowledgable man knows that it takes time to close such an agency. That accounts are in various stages of collection and litigation. That the statute of limitation is always involved in collections. That unless proper and complete disposition of such agency is made, and unless accounts are returned to the nearly 100 businesses, that irreparable harm will be done to innocent people. That a

law office in state of temporary suspension takes time to close. That extensive preparation must be made by this defendant in 68–Cr–509–EC in this Court. That this defendant does not suggest that the Hon. Edward J. McManus is not a knowledgable man, and to use the words of the Hon. Edward J. McManus in his order entered in this Court on August 13, 1968, in 66–Cr–513–EC: 'Having a familiarity with the entire record in this case and taking into account—(his) employment, financial resources and residence' the Honorable Edward J. McManus ordered this defendant committed at noon on August 12, 1968. He then said that he would hear a motion for continuation of bond on appeal by this defendant before noon on August 12, 1968. That this defendant thereupon drove 130 miles, with his attorney on August 12, 1968 and appeared in this Court House at 10:30 a. m. and made such presence known to the Hon. Edward J. McManus. That the Hon. Edward J. McManus did not hear this defendant and departed the Court House unnoticed and was not available to a telephone call until about 2 p. m. and after the noon deadline had passed requiring commitment of this defendant. That this defendant verily believes that the Hon. Edward J. McManus never intended to hear this defendant on August 12, 1968, because this defendant stood at the locked Court Room door at 1 a. m. when a lady tried admittance, and one of the Court's assistance (sic) told here (sic) there would be no Court today. That the Hon. Edward J. McManus required of this defendant a $5,000.00 surety bond in this matter which this defendant promptly posted, whereupon the Hon. Edward J. McManus denied this defendant admittance on the bail he

* Lieutenant Governor not a member of executive counsel. § 19.1, Code of Iowa 1958:
"The executive counsel shall consist of the:
1. Governor,
2. Secretary of state,

3. Auditor of state,
4. Treasurer of state, and
5. Secretary of agriculture.
A majority shall constitute a quorum. No deputy shall act on the council for his principal."

had prescribed, by the aforesaid actions.

That a knowledgable man knowing the consequence of his acts, can only be presumed to; intend the results when he does the act. That the Hon. Edward J. McManus entered an order in this Court on August 13, 1968 in 66–Cr–513–EC, denying this defendant continuance of bond on appeal, the most complimentary thing of which can be said about it is that it is inane. That the actions of the Hon. Edward J. McManus are that of a learned, honorable man, but blinded by a passion of hatred for this defendant which make his actions not rational and not within the requirements of Article 3 Section 1 of the Constitution of the United States of America, except that they are excused for the human element aforsaid (sic).

That it is not possible for the Hon. Edward J. McManus to sit in impartial judgment of this defendant and afford him that due process of law as guaranteed by the Fifth Amendment to the United States Constitution. That this defendant today files a motion in this Court to vacate the trial date of October 21, 1968 and asks that it be heard on September 30, 1968.

That this defendant respectfully asks the Hon. Edward J. McManus, under Title 28 U.S.C.A. 144, to step down and call another judge who will have jurisdiction to hear said motion.

Further deponent sayeth not.

/s/ Everett W. Gross, Box 795, Helena, Montana, Defendant pro se.

Subscribed and sworn to before me this 23rd day of September, 1968. /s/ Paul N. Hueneman, Justice of the Peace, Makee Township, Waukon, Iowa."

ORDER of Nov. 15, 1968.

This matter is before the undersigned on the unsigned Order of the United States Court of Appeals for the Eighth Circuit entered October 30, 1968, in its No. 19488, captioned "Everett W. Gross, Petitioner, v. Honorable Edward J. McManus, Chief Judge, United States District Court, Northern District of Iowa, Respondent" and filed herein on October 31, 1968. A copy of said Order is hereto attached as Appendix "A".

After a full and careful examination of the Order and record, among other things it appears that the undersigned was accorded neither the due process nor courtesy required by Rule 21(b) of the Federal Rules of Appellate Procedure.[1] Nor was any precedent cited by which the undersigned could rationally modify his considered opinion that the affidavits filed by defendant Everett W. Gross failed to meet the requirements of 28 U.S.C. § 144.

Nevertheless, in view of the veiled ominousness of the Eighth Circuit's language, the undersigned is constrained to be without alternative but to treat the Order as in the nature of an extraordinary writ of mandamus and prohibition. 28 U.S.C. § 1651(a).

It is therefore

ORDERED

1. The Order filed October 16, 1968, setting the above matter No. 68–Cr–509–EC, United States of America v. Everett W. Gross, et al., for pre-trial conference and trial on Monday, December 2, 1968, in Cedar Rapids, Iowa, is quashed.

---

1. Providing in part:

"If the court is of the opinion that the writ should not be granted, it shall deny the petition. Otherwise, it shall order that an answer to the petition be filed by the respondents within the time fixed by the order. The order shall be served by the clerk on the judge or judges named respondents and on all other parties to the action in the trial court. All parties below other than the petitioner shall also be deemed respondents for all purposes. Two or more respondents may answer jointly. If the judge or judges named respondents do not desire to appear in the proceeding, they may so advise the clerk and all parties by letter, but the petition shall not thereby be taken as admitted. * * * *"

2. The above entitled case is assigned to the Honorable William C. Hanson, United States District Judge for the Northern and Southern Districts of Iowa, Fort Dodge, Iowa, for all further proceedings.

## APPENDIX A

## UNITED STATES COURT OF APPEALS FOR THE EIGHTH CIRCUIT

### No. 19,488

EVERETT W. GROSS,

Petitioner,

v.

HONORABLE EDWARD J. McMANUS, Chief Judge, United States District Court, Northern District of Iowa.

Respondent.

---

### ORDER

There is pending before the Court the petition of Everett W. Gross for Writ of Prohibition, Mandamus, or Extraordinary Writ seeking to compel the Honorable Edward J. McManus to disqualify himself from proceeding further in cause No. 68–Cr–509–EC United States v. Everett W. Gross, et al, pending in the United States District Court for the Northern District of Iowa, Eastern Division. We granted leave to proceed in forma pauperis.

Consideration of the documents filed in this Court shows that the petitioner filed an "Affidavit of Disqualification" pursuant to 28 U.S.C. § 144, August 12, 1968, in the District Court, and a supplemental affidavit, September 25, 1968. Judge McManus entered an order October 9, 1968, declining to disqualify himself and striking the affidavits on the ground that they did not meet the requirements of the statute.

We have carefully examined the affidavits, the petition for writ of mandamus, etc., the District Court's order, the response of the United States Attorney to the petition for the writ and, additionally, the letter filed October 23, 1968, by attorney Gene Kellenberger, who was appointed by the District Court August 2, 1968, to represent Mr. Gross.

We conclude from a realistic appraisal of the foregoing that the affidavits satisfy the requirements of the statute and are sufficient to allege personal bias or prejudice. In the interests of justice, we believe that Judge McManus should proceed no further in the pending case and that another judge should be assigned to preside over the trial.

We are not inclined at this time to issue a writ of mandamus or prohibition, as we have every reason to believe that Judge McManus will act pursuant to our views, and will reconsider his action in refusing to recuse himself. We defer further action, meanwhile retaining jurisdiction.

October 30, 1968

A true copy.

Attest:

(s) Robert C. Tucker.
Clerk, U. S. Court of Appeals, 8th Circuit.