**In the Matter of Lawrence D.
BELL, Appellant.**

No. 10922.

District of Columbia Court of Appeals.

Argued Feb. 8, 1977.
Decided April 26, 1977.

Gaillard T. Hunt, Washington, D. C., appointed by this court, for appellant.

Douglas J. Behr, Asst. U. S. Atty., Washington, D. C., with whom Earl J. Silbert, U. S. Atty., John A. Terry and William J. Hardy, Jr., Asst. U. S. Attys., Washington, D. C., were on the brief, for appellee.

Before NEWMAN, Chief Judge, and KERN and NEBEKER, Associate Judges.

NEBEKER, Associate Judge:

This appeal presents as its primary issue whether in a contempt proceeding the trial judge should have recused himself under a motion filed pursuant to Super.Ct. Civ.R. 63–I.[1] There are also other assignments of

---

1. Rule 63–I provides:
   BIAS OR PREJUDICE OF A JUDGE
   (a) Whenever a party to any proceeding makes and files a sufficient affidavit that the judge before whom the matter is to be heard has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding.

   (b) The affidavit shall state the facts and the reasons for the belief that bias or prejudice exists and shall be accompanied by a certificate of counsel of record stating that it is made in good faith. The affidavit must be filed at least 24 hours prior to the time set for hearing of such matter unless good cause is shown for the failure to file by such time.

error, but because of our disposition of this initial question, we do not find it necessary to address those issues.

On November 17, 1975, appellant Bell was a member of the venire which was sworn for a voir dire examination in a criminal case before the Honorable Norma H. Johnson. During the proceeding, appellant indicated by raising his hand that he knew the defendant, but he did not raise his hand a second time when his brother was introduced as a potential witness in the case. Following the voir dire examination, appellant was called to the bench and was questioned by the court regarding his acknowledged acquaintance with the defendant. The court initially excused Bell because of this acquaintance. However, following an objection by defendant's counsel, Bell was allowed to remain on the panel. Bell did not inform the court that one of the witnesses was a relative. Eventually, Bell was stricken from the jury by a peremptory challenge of the prosecutor.

When it was brought to the attention of the court that Bell and the witness were brothers, Judge Johnson referred the matter to Judge Ryan who, by assignment of the Chief Judge, was in charge of jury matters. Judge Ryan then asked an Assistant United States Attorney to file a petition seeking an order to show cause why Bell should not be cited for contempt. This was done and an order to show cause was then issued.

On February 6, 1976, Bell and his counsel apparently learned for the first time that contempt proceedings had been initiated by a phone call from Judge Johnson to Judge Ryan. On March 8, 1976, Bell filed an "Affidavit and Motion Recusing Judge", which was denied on the same day on the ground that it did not establish "legal bias." In his affidavit appellant averred, among other things, that he had heard the trial judge say:

That he had been called by Hon. Norma H. Johnson, another judge of Superior Court, or had had a telephone conversation with Judge Johnson, concerning my case. I understood Judge Ryan to say that Judge Johnson in this conversation said that I was guilty of contempt and should be prosecuted for contempt.

Appellant further alleged that as a result of that conversation, the trial judge requested the United States Attorney's Office to commence the contempt proceedings.

A hearing was held on March 16, 1976, at which Bell was found guilty. On May 7, 1976, Bell was sentenced to 6 months' imprisonment but sentence was suspended and he was placed on probation for one year.

Since Superior Court Civil Rule 63–I, *supra*, tracks the language of 28 U.S.C. § 144, we turn to the cases that have been decided under that statute to offer guidance for the case at hand. The basic principles governing the adequacy of affidavits in support of efforts at disqualification of a judge under § 144 were set forth by the Supreme Court of the United States in *Berger v. United States*, 255 U.S. 22, 41 S.Ct. 230, 65 L.Ed. 481 (1921):

[T]he reasons and facts for the belief the litigant entertains are an essential part of the affidavit, and must give fair support to the charge of a bent mind that may prevent or impede impartiality of judgment . . . . [*Id.* at 33–34, 41 S.Ct. at 233.]

Furthermore, to be disqualifying, the alleged bias and prejudice "must stem from an extrajudicial source and result in an opinion on the merits on some basis other than what the judge learned from his participation in the case." *United States v. Grinnell Corporation*, 384 U.S. 563, 583, 86 S.Ct. 1698, 1710, 16 L.Ed.2d 778 (1966).

Rule 63–I itself provides that the bias or prejudice must be "personal" in order to disqualify a judge. See *Wolfson v. Palmieri*, 396 F.2d 121, 124 (2d Cir. 1968). In *Woodard v. City Stores Co.*, D.C.App., 334 A.2d 189 (1975), this court recognized that bias on the part of a judge must arise from an extrajudicial source and that the bias must be personal. *Id.* at 192. It has been held that personal bias is unlike judi-

cial exposure to the case in that a distinction is drawn "between a judicial determination derived from evidence and lengthy proceedings had before the court, and a determination not so founded upon facts brought forth in court, but based on attitudes and conceptions that have their origins in sources beyond the four corners of the courtroom." *In re Federal Facilities Realty Trust*, 140 F.Supp. 522, 526 (N.D.Ill. 1956). *See also Davis v. Board of School Commissioners of Mobile County*, 517 F.2d 1044, 1051 (5th Cir. 1975).

■ It is well established that a judge may not question the truth of the matters alleged, but must accept them as true for the purpose of passing upon the legal sufficiency of the affidavit. *Berger v. United States, supra*, 255 U.S. at 36, 41 S.Ct. 230. Furthermore, if the statutory standards are met, the trial judge must recuse himself even if he knows that the allegations are false. *Morse v. Lewis*, 54 F.2d 1027, 1031 (4th Cir.), *cert. denied*, 286 U.S. 557, 52 S.Ct. 640, 76 L.Ed. 1291 (1932). *See also United States v. Hanrahan*, 248 F.Supp. 471 (D.D. C.1965).

■ The mere filing of an affidavit of prejudice does not automatically disqualify a judge. *United States v. Hanrahan, supra* at 475. Mere "rumors and gossip" are not enough. *Berger v. United States, supra*, 255 U.S. at 34, 41 S.Ct. 230. Indeed the affidavit must set forth specific facts regarding time, place, persons and circumstances, *United States v. Hanrahan, supra* at 475, and the judge must pass on the legal sufficiency of the affidavit.

In terms of the wording of the statute and Rule 63–I, *supra*, there are three issues to be determined: (1) was the affidavit timely filed; (2) was it accompanied by a certificate of good faith by counsel; and (3) is the affidavit sufficient in statutory terms. *Parrish v. Board of Commissioners of Alabama State Bar*, 524 F.2d 98, 100 (5th Cir. 1975).

■ With respect to the first requirement, there is no dispute as to the timeli-

ness since the affidavit was filed on March 8, 1976, eight days before the scheduled hearing.[2] Likewise, there can be no dispute that a certificate of good faith accompanied the affidavit. Consequently, we are concerned only with the legal sufficiency of the affidavit.

In addressing the question of legal sufficiency to show bias, the Third and the Fifth Circuits have applied a tripartite test:

"In an affidavit of bias, the affiant has the burden of making a three-fold showing:

"1. The facts must be material and stated with particularity;

"2. The facts must be such that, if true they would convince a reasonable man that a bias exists.

"3. The facts must show the bias is personal as opposed to judicial, in nature." [*Parrish v. Board of Commissioners of Alabama State Bar, supra*, at 100, quoting *United States v. Thompson*, 483 F.2d 527, 528 (3d Cir. 1973).]

The United States Court of Appeals for the District of Columbia Circuit adopted similar standards for interpretation of the legal sufficiency of an affidavit in *Brotherhood of Locomotive Firemen and Enginemen v. Bangor & Aroostook R.R.*, 127 U.S.App.D.C. 23, 380 F.2d 570, *cert. denied*, 389 U.S. 970, 88 S.Ct. 463, 19 L.Ed.2d 461 (1967). "The motion and affidavit must be timely filed, show a true personal bias, and must allege specific facts and not mere conclusions or generalities." *Id.* at 29, 380 F.2d at 576.

The affidavit in this case alleges that on February 6, 1976, the appellant appeared for a hearing before Judge Ryan in the Superior Court and that he heard Judge Ryan say that he had been called by Judge Johnson concerning the case. Appellant further alleges that Judge Ryan said that Judge Johnson had told him that appellant was guilty of contempt and should be prosecuted. Based on this conversation, Judge Ryan then had the United States Attorney's Office institute contempt proceedings.

2. *See* note 1, *supra*.

We hold that the affidavit filed in this case was legally sufficient and that the trial court judge should have recused himself. The requirements of legal sufficiency are met in that the averments recited refer to a particular incident, they stem from an extrajudicial source, and they reveal a sufficient exposure by Judge Ryan to the ultimate conclusion by a colleague respecting guilt that it must be said "his impartiality might reasonably be questioned". ABA Comm. on Standards of Judicial Conduct, Code of Judicial Conduct, Canon No. 3(c)(1) (1972), adopted for the District of Columbia Courts by the Joint Committee on Judicial Administration on February 16, 1973.

Accordingly, the judgment of conviction must be

*Reversed.*