Joan A. BURT, Appellant,

v.

FIRST AMERICAN BANK, Appellee.

No. 83–1503.

District of Columbia Court of Appeals.
Argued Feb. 15, 1985.
Decided March 29, 1985.

Ruth R. Banks, Washington, D.C., for appellant.

Joseph Sperling, Rockville, Md., for appellee.

Before PRYOR, Chief Judge, TERRY and ROGERS, Associate Judges.

PRYOR, Chief Judge:

Appellant, Joan A. Burt, appeals from a judgment awarding appellee, First American Bank (hereinafter the bank), $2,538.92 plus interest at the rate of 15%, on two loan instruments executed by Ms. Burt in favor of the bank. Ms. Burt assigns as error the trial court's (1) entry of summary judgment in favor of the bank; (2) denial of her motion to recuse; and (3) award of $200 in "costs" to the bank. We conclude, based on the pleadings and affidavits, that a genuine issue of material fact exists with regard to the amount Ms. Burt owes on one of the two loan instruments. Accordingly, we affirm the grant of summary judgment with respect to the bank's other claims and remand for further proceedings as to one issue. We also remand the question of "costs."

I. *Facts*

On March 31, 1983, the bank commenced a civil action against Ms. Burt as a result of her default on two loan instruments. The first instrument was a promissory note (hereinafter the note) in the amount of $5,818.32, executed on October 20, 1980, at an annual interest rate of 15%. At the time the bank commenced suit, Ms. Burt allegedly owed $969.72 on the note. The second instrument was an "executive credit agreement" (hereinafter the credit agreement) in the amount of $2,000, which the bank had issued to Ms. Burt on August 16,

1976, in connection with her receipt of an American Express Gold Bank Card. The credit agreement enabled Ms. Burt to periodically receive extensions of credit from the bank. The credit agreement provided that a finance charge would be imposed on any unpaid balances at an annual percentage rate of 11.50%. Ms. Burt allegedly owed $1,569.20 on the credit agreement at the time the bank commenced suit.

On May 4, 1983, the bank mailed a request for admissions to Ms. Burt. Ms. Burt failed to respond to the request for admissions within the statutory thirty-day period. *See* Super.Ct.Civ.R. 36 (a). Thereafter, the bank filed a motion for summary judgment. Ms. Burt's opposition to the motion, though filed in a timely fashion, merely denied the specific facts averred in the bank's motion.

A hearing on the bank's motion was set for September 13, 1983. Upon Ms. Burt's motion for a continuance, this hearing was continued until October 18, 1983. In its order granting her motion for a continuance, the trial court also ordered Ms. Burt to answer the bank's request for admissions by September 28, 1983.

On October 18, 1983, Ms. Burt appeared *pro se* at the hearing on the motion for summary judgment. She again moved for a continuance on the ground that she wished to retain counsel to represent her. In response to the court's inquiries concerning the earlier motion for a continuance, Ms. Burt contended that she had been unable to attend the earlier hearing because she had been physically incapacitated due to a car accident. The trial court entered an order continuing the hearing until November 8, 1983. The order also required that Ms. Burt obtain, on or before October 25, 1983, an affidavit verifying her earlier alleged incapacity; that counsel for Ms. Burt enter an appearance on or before October 25, 1983; that Ms. Burt file and

serve formal responses to the request for admissions;[1] and that she file a new pleading opposing the motion for summary judgment, supported by affidavits under oath. Finally the court assessed $200, which the court characterized as costs against Ms. Burt, to be paid to the bank on or before November 8, 1983.[2]

On November 8, 1983, the hearing on the motion for summary judgment was finally held. Ms. Burt was represented by counsel at the hearing. At this time, her counsel submitted a motion to recuse and stay the order of October 18, 1983. The basis for the recusal motion was certain remarks that the trial court made at the October 18, 1983 hearing. The trial court denied Ms. Burt's motion to recuse, and granted the bank's motion for summary judgment. The final judgment awarded the bank $2,538.92, plus interest at a rate of 15% from November 29, 1982 until paid, an attorney fee of 15%, court costs, and $200 assessed costs.

## II. *Summary Judgment*

Ms. Burt concedes that she is liable on both the note and the credit agreement, and, accordingly, that summary judgment on the issue of liability as to both debt instruments was appropriate. She maintains, however, that the trial court erred in granting summary judgment on the issue of damages because the operative interest rates on both the note and the credit agreement were in dispute.

In reviewing a trial court order granting a motion for summary judgment, this court conducts an independent review of the record. *Phenix-Georgetown, Inc. v. Chas. H. Thompkins Co.,* 477 A.2d 215, 221 (D.C. 1984); *Holland v. Hannan,* 456 A.2d 807, 814 (D.C.1983); *Scrimgeour v. Magazine,* 429 A.2d 187, 188 (D.C.1981). Our standard of review is the same as the trial court's standard for initially considering a

---

1. Ms. Burt claimed that she had never received a copy of the request for admissions. The trial court ordered her to file an affidavit to that effect.

2. Ms. Burt objected in court to the assessment of costs.

motion for summary judgment. *Holland v. Hannan, supra,* 456 A.2d at 814; *Wyman v. Roesner,* 439 A.2d 516, 519 (D.C. 1981).

Summary judgment should be granted only when there are no genuine issues of material fact and when the moving party is entitled to judgment as a matter of law. Super.Ct.Civ.R. 56 (c); *Nader v. de Toledano,* 408 A.2d 31, 41 (D.C.1979), *cert. denied,* 444 U.S. 1078, 100 S.Ct. 1028, 62 L.Ed.2d 761 (1980); *Willis v. Cheek,* 387 A.2d 716, 719 (D.C.1978). The moving party bears the burden of demonstrating the absence of a material factual dispute and entitlement to judgment as a matter of law. *Wyman v. Roesner, supra,* 439 A.2d at 519. Moreover, the evidence—consisting of the pleadings and other material in the record—must be construed in the light most favorable to the party opposing the motion. *Holland v. Hannan, supra,* 456 A.2d at 815; *Murphy v. Army Distaff Foundation, Inc.,* 458 A.2d 61, 62 (D.C. 1983).

When a motion for summary judgment is supported by affidavits and other pleadings, the opposing party may not rely upon general denials in its response, but must respond with affidavits or other relevant documents setting forth specific facts. Super.Ct.Civ.R. 56(e). If the opposing party does not respond in the proper way, summary judgment should be granted, but only "if appropriate." *Id.* Thus, if the moving party does not meet its initial burden, summary judgment must be denied even where the opponent comes forth with nothing. *Burch v. Amsterdam Corp.,* 366 A.2d 1079, 1084 (D.C.1976).

■ After examining the pleadings, affidavits, and other documents in the record, we conclude that there remains no genuine issue of material fact as to the amount of appellant's liability on the note and thus the trial court's order granting summary judgment should be affirmed. To date, Ms. Burt has never filed a response to the bank's request for admissions.[3] We agree with the bank's contention that, in the absence of timely responses to its request for admissions, the matters set forth in the request[4] should be deemed admitted pursuant to Super.Ct.Civ.R. 36(a).[5] Requests for admissions which are not denied within the statutory period are deemed admitted and may properly form the basis for a grant of summary judgment. *See, e.g., Donovan v. Porter,* 584 F.Supp. 202, 207–08 (D.Md. 1984); *Freed v. Plastic Packaging Materials, Inc.,* 66 F.R.D. 550, 552 (D.Pa.1975); 8 C. WRIGHT & A. MILLER, FEDERAL PRACTICE AND PROCEDURE § 2264 (1978). In light of the matters contained in admissions numbers 1 through 3, *see supra* note 4, there remain no material facts in dispute concerning the amount Ms. Burt owes on the note.

---

3. Appellant claims she answered the admissions in her opposition to the motion for summary judgment. Even so, her response was untimely.

4. Appellee's request for admissions contained the following six questions:

1. That Defendant signed the promissory note dated October 20, 1980, in the amount of $5,818.32 ....
2. That the current balance which remains due and owing on said promissory note is $969.72.
3. That interest is due and owing on said promissory note at the rate of 15% per annum from December 22, 1982.
4. That Defendant signed the executive credit agreement dated August 16, 1976 in the amount of $2,000.00 ....

5. That the current balance which remains due and owing on Defendant's executive credit account is $1,569.20.
6. That interest is due and owing on Defendant's executive credit account at the rate of 11.5% per annum from July 27, 1982.

5. Super.Ct.Civ.R. 36(a) provides in pertinent part:

The matter is admitted unless, within 30 days after service of the request ... the party to whom the request is directed serves upon the party requesting the admission a written answer or objection addressed to the matter, signed by the party or by his attorney ....

Subsection (b) provides, in part:

Any matter admitted under this rule is conclusively established unless the court on motion permits withdrawal or amendment of the admission.

■ With respect to the credit agreement, however, we find that appellee has failed to meet its initial burden as to the applicable rate of interest. Accordingly, the order granting summary judgment in favor of appellee on this question must be reversed.

At the hearing before the trial court, the parties were in sharp disagreement over the correct interest rate applicable to the credit agreement. In its motion as amended, the bank claimed that it was entitled to interest on the credit agreement at an annual rate of 15%. In contrast, Ms. Burt maintained that the correct interest rate was 11.50%.

In support of her argument, Ms. Burt relies on the provisions of the credit agreement contract itself, the bank's request for admissions, and the inconsistencies between the original pleadings filed by the bank and its motion for summary judgment.

The credit agreement provides in pertinent part:

Until all sums owing by Cardholder hereunder (including interest and delinquency charges, if any) have been paid in full, the Cardholder will, on or before the monthly payment date specified, pay to the Union First National Bank on account an amount not less than $5.00 for each $100.00 of the unpaid principal balance in addition to the full amount of any drawing over the maximum limit of the line (subject to a minimum payment of $25.00 unless the unpaid principal balance is less than that amount) together with the FINANCE CHARGE. *THE FINANCE CHARGE will consist of interest at the daily periodic rate of 0.031506 on the unpaid principal balance each day which is equivalent to an ANNUAL PERCENTAGE RATE OF 11.50%.* Each payment shall be applied first to

interest and then to principal. (Emphasis added.)

This provision of the contract clearly states that the finance charge or interest rate will be computed at an annual rate of 11.50%. Similarly, in its complaint the bank demanded judgment on the credit agreement in the amount of $1,569.20 at 11.50% interest per annum. The bank's request for admissions referred to the interest rate as 11.50% and its original motion for summary judgment also sought interest at a rate of 11.50%.

In contrast, the bank contends that Ms. Burt should be precluded from attacking the grant of summary judgment because she failed to respond to its motion for summary judgment by setting forth, in affidavit form, specific facts showing a genuine issue in dispute as required by Super. Ct.Civ.R. 56(e). Aside from any procedural bar, the bank contends that there are no material facts in dispute. The bank again directs the court's attention to the matters contained in the admissions. The bank also relies on the supplemental memorandum filed in support of its motion. Attached to this supplemental memorandum was an affidavit of Mr. William A. Brown, an assistant vice president of the bank, and copies of monthly statements of appellant's account for the period of October 26, 1981 through November 22, 1982. In the affidavit, appellee alleged for the first time that the interest rate on appellant's credit line was computed at 15% per annum. The fourteen monthly statements which were submitted all listed the annual interest rate on the credit agreement as 15%.

■ It is significant that at no time has appellee explained the apparent discrepancy between its earlier pleadings and its later amended request for summary judgment. Nor has it explained how Ms. Burt purportedly became liable for an interest rate in excess of the one stipulated in the contract.[6] The bank maintains that the

---

**6.** The only evidence we find in the record to support the bank's contention that the interest rate was subject to change is a general provision in the credit agreement contract that states,

"The Bank shall have the right from time to time hereafter to establish other terms and conditions, which shall be binding to Cardholder thirty days after such notice is given to Card-

admissions are dispositive on this issue as well. We disagree. With respect to the credit agreement, the bank requested that appellant stipulate that the operative interest rate was *11.50%*. *See* admission number 6, *supra* note 4. Even assuming appellant is bound by this admission, the matter contained in the admission does not entitle appellee to interest at a rate of *15%*, the interest rate it received pursuant to the court's present order.

In light of the apparent conflict between the credit agreement contract, the various pleadings, and the documents submitted in support of the motion for summary judgment, we conclude that appellee's arguments are not sufficient to carry its burden as set out in Rule 56. Thus, even though Ms. Burt failed to adequately respond to appellee's motion for summary judgment, the bank is not entitled to summary judgment as a matter of law on the question of the amount owed under the credit agreement. *See* Super.Ct.Civ.R. 56(e); *Milton Properties, Inc. v. Newby*, 456 A.2d 349, 354 (D.C.1983); *Stevens v. Airline Pilots Association, International*, 413 A.2d 1305, 1309 (D.C.1980), *cert. denied*, 449 U.S. 1111, 101 S.Ct. 919, 66 L.Ed.2d 839 (1981); *Burch v. Amsterdam Corp., supra*, 366 A.2d at 1084.

### III. *Motion to Recuse*

Alternatively, appellant contends that the judgment should be reversed because it is tainted by the bias of the presiding trial judge. In this regard, Ms. Burt argues that the trial court erred in denying her motion to recuse. We conclude that the trial judge did not err in denying appellant's motion.

The procedural requirements for filing a recusal motion are set out in Super.Ct. Civ.R. 63–I(b), which provides:

> The affidavit shall state the facts and the reasons for the belief that bias or

prejudice exists and shall be accompanied by a certificate of counsel of record stating that it is made in good faith.

Appellant's affidavit in support of her motion to recuse was not accompanied by a certificate of good faith signed by counsel, and thus did not conform to the procedural requirements set out in the rule.

■ We reiterate our previous statement that "because the disqualification of a trial judge may disrupt and delay the judicial process, affidavits of bias are strictly scrutinized for form, timeliness and sufficiency." *In re Evans*, 411 A.2d 984, 994 (D.C. 1980). Under this standard, the failure of appellant's motion to be accompanied by a certificate of good faith signed by counsel is, by itself, grounds for denying the motion. *United States v. Sepulveda*, 512 F.Supp. 592, 595 (D.D.C.1981); *cf. Coppedge v. United States*, 114 U.S.App.D.C. 79, 84, 311 F.2d 128, 133 (1962) (motion denied where it was not accompanied by affidavit or certificate), *cert. denied*, 373 U.S. 946, 83 S.Ct. 1541, 10 L.Ed.2d 701 (1963).

Moreover, even if the motion had been properly filed, the reasons advanced in appellant's affidavit are legally insufficient to support recusal because they do not contain facts from which a fair and reasonable mind might infer personal prejudice. *In re Evans, supra*, 411 A.2d at 994; *In re Bell*, 373 A.2d 232, 234 (D.C.1977).

■ In her affidavit, appellant asserts only one ground of bias. Specifically, she cites a remark directed at her by the trial judge during the October 18, 1983 hearing in which the trial judge questioned her mental competency. While such a remark may have been imprudent, it does not represent the sort of prejudice which is contemplated by Rule 63–I. In order to warrant recusal, the movant must allege bias arising from a source outside the "four corners of the courtroom." *In re Evans*,

---

holder." While this paragraph in the contract *may* have allowed the bank to vary the interest rate on Ms. Burt's account, it does not explain when and if the interest rate was in fact

changed. Accordingly, on the record before us, it is impossible to calculate how much Ms. Burt owes.

*supra,* 411 A.2d at 995; *In re Bell, supra,* 373 A.2d at 234. To be disqualifying "the alleged bias and prejudice 'must stem from an extrajudicial source and result in an opinion on the merits on some basis other than what the judge learned from his participation in the case.' " *In re Bell, supra,* 373 A.2d at 233 (quoting *United States v. Grinnell Corp.,* 384 U.S. 563, 583, 86 S.Ct. 1698, 1710, 16 L.Ed.2d 778 (1966)). The trial judge's comments, cited by appellant in her affidavit, arose solely from his contact with appellant during the litigation and his knowledge of the protracted procedural history of appellant's case. We conclude that the facts as stated by appellant in her affidavit do not support an inference of bias sufficient to have required recusal.

### IV. *Costs*

■ Ms. Burt also contends that the trial court committed error at the October 18, 1983 hearing in assessing her $200, which she characterizes as costs and which the bank characterizes as attorney's fees.[7] The basis for the court's ruling is unclear.

While we recognize that the trial court has broad discretion in imposing costs and attorney's fees, *see, e.g., Henneke v. Sommer,* 431 A.2d 6, 8 (D.C.1981) (discovery sanctions), the court must at least state for the record on what basis it makes its findings.[8] *See id.* Such findings are especially necessary in a case such as this, where the prevailing party is awarded attorney's fees and court costs at the conclusion of the proceedings. In light of our decision to remand this case to the trial court for further proceedings on the credit agreement interest rate issue, and particularly because the basis for imposing the $200 sum against Ms. Burt is not plainly stated, we also remand the issue of the $200 for further consideration.

---

7. This assessment was incorporated into the trial court's final order granting the bank's motion for summary judgment in addition to the award of court costs and the 15% attorney's fees.

8. The trial court at one point described the $200 as covering appellee's counsel's travel expenses.

*Affirmed in part, reversed in part, and remanded.*

Later, the trial court also referred to the money as attorney's fees and assessed costs. We are unable to determine, from the record before us, whether the trial court intended to impose a sanction under Super.Ct.Civ.R. 36(a), 37(a)(4), or to award attorney's fees under those rules.