Michael E. GILLUM, Appellant,

v.

UNITED STATES, Appellee.

Nos. 84–CF–1790, 89–CO–1471.

District of Columbia Court of Appeals.

Argued May 18, 1992.
Decided Sept. 18, 1992.

---

G. Bradley Weinsheimer, Asst. U.S. Atty., with whom Jay B. Stephens, U.S. Atty., and John R. Fisher and Elizabeth Trosman, Asst. U.S. Attys., were on the brief, for appellee.

Before ROGERS, Chief Judge, KING, Associate Judge, and KERN, Senior Judge.

PER CURIAM:

Appellant Michael Gillum appeals his conviction by a jury of three counts of armed robbery, and the trial judge's denial of appellant's motion for a new trial pursuant to D.C.Code § 23–110 (1989 Repl.). He contends that he was denied a speedy trial and prejudiced by the erroneous redaction of a co-defendant's oral admission. We find these contentions unpersuasive. However, appellant also contends that the trial judge erred in denying appellant's motions for recusal, for appointment of counsel and investigative services, and for a new trial pursuant to D.C.Code § 23–110, without a hearing. As to these contentions, we remand the case to the trial court for proceedings before another judge.

I

Appellant was charged along with Dwight Foster and Albert Washington in a fifteen-count indictment of four counts of armed robbery, D.C.Code §§ 22–2901, –3202; four counts of first degree murder while armed (felony murder), *id.* §§ 22–2401, –3202; and one count of premeditated first degree murder while armed. *Id.* The charges arose out of a robbery and murder on March 10, 1983.[1] Co-defendant Foster was convicted of second degree murder, three counts of armed robbery, and related weapons offenses; co-defendant Washington was convicted of three counts of armed

Lawrence M. Baskir, appointed by the court, for appellant.

1. The facts are set forth in this court's opinion in *Foster v. United States,* 548 A.2d 1370 (D.C. 1988), and there is no reason to repeat them here. The underlying facts were summarized in *Foster:*

> On March 10, 1983, Foster, Washington and Gilliam [sic] went into an 'oil joint' on U Street in the District of Columbia. An 'oil joint' is a place where persons go to inject narcotics. When they entered, they drew guns and Foster announced that this was a

> stick-up. The robbers searched those who were present and took their property. Unfortunately for Alfred Lunsford, as it turned out, Lunsford recognized Foster and called him by his nickname 'Rock.' Foster angrily warned those present not to say his name again or that person would be hurt. Lunsford responded 'Okay, Rock.' Being true to his word, Foster shot Lunsford through the head, killing him.

*Foster, supra,* 548 A.2d at 1371.

robbery. Their convictions were affirmed. *Foster, supra* note 1, 548 A.2d at 1371.

On November 8, 1984, after the jury returned its verdicts but before sentencing, appellant's trial counsel filed a motion seeking the recusal of the trial judge on the ground that the judge was personally biased against trial counsel and derivatively against his client, appellant. The judge denied the motion on December 20, 1984, as untimely filed, accompanied only by an affidavit of counsel and not of appellant, and legally insufficient because the claim of bias derived exclusively from perceived animosity between the trial judge and counsel. The judge further noted that the substance of appellant's claim involved comments made by the judge concerning "counsel's conduct during the trial and were not extrajudicial in origin," and "were made out of the presence of the jury." The judge concluded that it could not "be seriously contended that [the comments] denied the defendant a fair trial or the effective assistance of counsel."

On March 17, 1987, appellant filed an *ex parte* request for appointment under the Criminal Justice Act to pursue post-conviction remedies and for approval of investigative services in preparation for filing a motion for a new trial pursuant to D.C.Code § 23–110.[2] The motion also sought production of the audio portions of appellant's trial on specified dates, and noted that the trial court jacket was missing and that "certain essential papers cannot be located." The *ex parte* motion was based on the trial judge's failure to recuse himself, the failure of trial counsel to ad-

vise appellant in advance of trial of possible conflicts of interest between trial counsel and the trial judge, and the effect of the conflict on the jury. The trial judge denied the motion on the grounds that it was vague and conclusory, that appellant had not been prejudiced by any deficiency of trial counsel in view of the strength of the government's case against appellant and his acquittal of the most serious charges, and that there was no animosity between trial counsel and the trial judge.

On March 20, 1987, appellant filed a motion requesting the trial judge *sua sponte*, to remove himself from further proceedings, or, alternatively, to recuse himself under Super.Ct.Civ.R. 63–I. This motion was based on appellate counsel's conclusion, after reviewing the record, that certain issues involving the trial judge's relationship with trial counsel before and during trial may be grounds for post-conviction proceedings. The judge denied the motion, citing the reasoning of his order denying the 1984 recusal motion.

Appellant thereafter filed a motion for new trial pursuant to D.C.Code § 23–110 on October 17, 1988, based on the grounds set forth in his recusal and *ex-parte* motions. The trial judge denied the motion without a hearing, and appellant appealed.

## II

■ For purposes of these appeals, the key issue is whether the trial judge erred in denying the motions to recuse based on the 1984 and 1987 affidavits.[3]

---

**2.** These motions were filed prior to our decision in *Doe v. United States,* 583 A.2d 670, 674–75 (D.C.1990).

**3.** Appellant's contention that the erroneous redaction of the oral admissions of the co-defendant Washington was prejudicial to him is unpersuasive. The redacted statement substituted "two men" for the names of appellant and his co-defendant Foster and stated that the shooter had a nickname. *Foster, supra* note 1, 548 A.2d at 1372. In *Foster,* the court concluded that "Foster's nickname 'Rock' was inexorably intertwined with the testimony of the government witnesses," and that in light of this fact, "there was a substantial risk that the jury would conclude that 'Rock' was the name referred to in

Washington's statement and that Foster was one of the 'two men' to whom Washington referred to as those who perpetrated the robberies and killed Lunsford." *Id.* at 1379. Nevertheless the court concluded that the error was harmless beyond a reasonable doubt as to the co-defendants because of the consistent and overwhelming evidence of the government's witnesses. *Id.* at 1380.

We reach a similar conclusion with regard to appellant. Even if, as appellant maintains, once Foster was connected to the nickname the only person left was appellant, any error was harmless beyond a reasonable doubt. The government's evidence about three armed robbers included the testimony of at least two eyewitness-

The critical affidavit is the 1984 affidavit of trial counsel.[4] It alleges that based on events many years ago the trial judge harbors personal animosity toward trial counsel that adversely affected appellant's right to a fair and impartial trial. The second affidavit, filed in 1987, by counsel appointed for appellant in this court, relates additional circumstances arising from events on June 9, 1987, in support of the motion for recusal. Upon reading the affidavits, we hold that they are legally sufficient. *See Evans, supra* note 4, 411 A.2d at 994; *Scott v. United States,* 559 A.2d 745, 749 (D.C.1989) (en banc) (under Canon 3(C)(1) judge should recuse where there is an appearance of partiality).

■ We also hold that the motions to recuse were timely, under the unusual circumstances. The first motion to recuse was made orally by trial counsel on October 10, 1984, following a heated exchange between counsel and the trial judge the day before. The second motion, in writing, was filed on November 9, 1984. Trial counsel stated by affidavit that comments by the trial judge during trial referred to matters outside of court proceedings and reflected a bias against counsel. A third motion to recuse from post-trial proceedings was based on appellate counsel's review of the trial record; it was later supplemented by his affidavit about events on June 9, 1987, occurring after he had filed the motion for appointment of counsel and investigative services. The lateness in filing the 1987 motion is explained by the disappearance of the court jacket and the disappearance of the 1984 affidavit of trial counsel; a copy of the 1984 affidavit was not located until 1991 by the government in its file.

Given these unusual circumstances, we conclude that appellant has met his burden to show good cause for the timing of the motions, and hence the 1984 and 1987 motions to recuse were timely. *See Surratt v. Prince George's County,* 320 Md. 439, 578 A.2d 745, 760 (1990) (held, motion to recuse, filed after post-trial motions had been decided, timely where judge's prior misconduct toward trial counsel almost ten years before trial became an issue prior to and during trial).

■ Furthermore, we conclude, in light of the unusual personal nature of the allegations against the trial judge arising outside of the courtroom, that the merits of the recusal motions should have been addressed by another judge. *Id.* 578 A.2d at 758 ("when the asserted basis for recusal is personal conduct of the trial judge that generates serious issues about his or her personal misconduct, then the trial judge must permit another judge to decide the motion for recusal," citing 28 U.S.C. § 144 and noting analogy to certain contempt proceedings as well as due process concerns, and citing *Taylor v. Hayes,* 418 U.S. 488, 94 S.Ct. 2697, 41 L.Ed.2d 897 (1974), and *Mayberry v. Pennsylvania,* 400 U.S. 455, 91 S.Ct. 499, 27 L.Ed.2d 532 (1971)). *See also In re Evans, supra* note 4, 411 A.2d at 993–94; *Gregory, supra* note 4, 393 A.2d at 142; *cf. Butler v. United States,* 414 A.2d 844, 852 (D.C.1980) (en banc) (defendant's due process rights violated when judge, told by trial counsel that government's case can be proved beyond

---

es who said they saw appellant carrying a gun and taking property from others.

Appellant's other contention, that he was denied the right to a speedy trial, relying on the argument made in *Foster, supra,* is meritless. *Foster, supra* note 1, 548 A.2d at 1371 n. 2.

4. To prevail on a motion for recusal under Super.Ct.Civ.R. 63–I, the party-movant must file an affidavit setting forth "the facts and the reasons for the belief that bias or prejudice exists." *In re Evans,* 411 A.2d 984, 993 (D.C.1980). The rule further requires that "[t]he affidavit must be filed at least 24 hours prior to the time set for hearing of such matter unless good cause is shown for the failure to file by such time." *Id.*

(quoting Super.Ct.Civ.R. 63–I(b)). To be legally sufficient, the affidavit of bias must include facts that (1) are material and stated with particularity, (2) if true, would convince a reasonable person that bias exists, and (3) show that bias is personal as opposed to judicial in nature. *Id.* at 994 (citing *In re Bell,* 373 A.2d 232, 234 (D.C. 1977)); *see also Gregory v. United States,* 393 A.2d 132 (D.C.1978). "When presented with an affidavit of prejudice, the trial judge must accept the allegations made therein as true in passing on their legal sufficiency." *Gregory, supra,* 393 A.2d at 142 (citing *Berger v. United States,* 255 U.S. 22, 41 S.Ct. 230, 65 L.Ed. 481 (1921)).

reasonable doubt and that defendant plans to commit perjury, refused to accept guilty plea and became trier of fact; judge should have recused himself and certified case to another judge.); *Banks v. United States*, 516 A.2d 524, 529 (D.C.1986) (judge who refused guilty plea should have certified case to another judge for factfinding). Accordingly, because appellant's motions for appointment of counsel, for investigative services, and for a new trial, are intertwined with the motions to recuse, we remand the case to the trial court for further proceedings before another judge with new counsel appointed to represent appellant.

KERN, Senior Judge, concurring in the result:

A jury acquitted appellant, who was represented by retained counsel, of felony murder and convicted him of robbery. He launched a collateral attack on his conviction, as well as appealing such conviction on the merits, with the allegations that his trial attorney had been constitutionally ineffective and the judge during trial had made rulings prejudicial to him out of spite toward his attorney based upon an event occurring some years before. The trial judge in a memorandum opinion addressed and rejected appellant's allegations quite persuasively in my view. Appellant renewed his allegations through appointed counsel who replaced the attorney appellant had retained for his trial. These allegations were based in part upon events occurring subsequent to the trial and "outside the four corners of the courtroom," see *In re Evans*, 411 A.2d 984, 995 (D.C. 1980). The unusual circumstances here reflect an undue focus on the trial judge rather than upon the trial itself. Accordingly, I agree that another attorney and judge are needed in order that the present proceedings may proceed to final determination with appropriate focus.