David YORK, Appellant,

v.

UNITED STATES, Appellee.

No. 98–CF–902.

District of Columbia Court of Appeals.

Submitted Sept. 21, 2000.

Decided Nov. 8, 2001.

Boniface K. Cobbina, Washington, DC, appointed by the court, was on the brief for appellant.

1. D.C.Code § 22–504(a) (1996).

2. This officer, Sergeant Robert Fulton, was a complainant and a testifying witness.

Wilma R. Lewis, United States Attorney at the time the brief was filed, and John R. Fisher, Thomas J. Tourish, Jr., Darrell C. Valdez, and Ryan H. Rainey, Assistant United States Attorneys, were on the brief for appellee.

Before TERRY and REID, Associate Judges, and MACK, Senior Judge.

TERRY, Associate Judge:

This is an appeal from a conviction on two counts of assault.[1] At trial, appellant York moved for recusal of the trial judge, arguing that the fact that the judge was married to a police officer and that her late brother had been Chief of Police several years earlier created an appearance of bias in favor of one of the complainants, a police officer, and other witnesses who were also police officers. On appeal York maintains that the judge's failure to recuse herself was reversible error. We affirm.

## I

On November 13, 1996, York attended a public meeting in the District of Columbia concerning the possible federalization of the Metropolitan Police Department (MPD). At the meeting, York took a microphone from the moderator and launched into a lengthy discourse concerning his personal distaste for the police force. When he refused to yield the microphone, a scuffle ensued, during which York punched the moderator and tackled a uniformed police officer.[2] Appellant was arrested by other officers present at the meeting and charged with two counts of assault.

The case was set for trial before a Superior Court judge, sitting without a jury.[3] Before the trial began, the judge

3. A person charged with simple assault, a misdemeanor with a maximum penalty of 180 days in jail, is not entitled to a jury trial. *See*

asked counsel to approach the bench, where she disclosed the following:

I see from the trial calendar that the complainant may be a police officer.... I just wanted to disclose to counsel that I'm married to a police officer. I always disclose that when I'm the fact finder in these kinds of cases.

Defense counsel responded that he would "have a motion then," and the judge responded that counsel was "free to make it when [his] client appear[ed]." Because appellant was late in arriving, the case was passed for fifteen minutes while the judge took up other matters.

Appellant soon arrived at the courthouse, and the trial began. At the outset, defense counsel made an oral motion to recuse the judge, stating that "there is certainly an appearance of a conflict, in view of the exposure that the court has had to police officers and your familiarity with them." The judge denied the motion, stating:

Well, the court does raise, in these particular cases where there is a police officer who is a complainant, the fact that it is married to a police officer. I really don't even disclose that I had a brother, who is now deceased, who was Chief of Police.[4] That was years and years ago. But I do disclose the fact that I'm married to a police officer who is a detective.... So given that there has been no bias pointed to, actual bias outside of the courtroom, the court will deny the motion, but it's preserved for the record.

Defense counsel made no further argument in support of his motion to recuse. The trial proceeded, and the judge found appellant guilty on both counts of assault, sentencing him to two concurrent jail terms of thirty days each.

II

Appellant maintains on appeal, as he did below, that the judge's family relationship with two police officers created an appearance of judicial bias and that his conviction should therefore be reversed. We do not agree.

▊ In the first place, appellant's motion to recuse the trial judge was procedurally deficient. When, as in this case, a party moves for judicial recusal based on an alleged "personal bias or prejudice against the party or in favor of any adverse party," the motion is governed by Super. Ct. Civ. R. 63–I.[5] See In re Bell, 373 A.2d 232, 233 (D.C.1977). In an effort to eliminate what may be frivolous claims, see In re J.A., 601 A.2d 69, 75–76 (D.C.1991),

---

Burgess v. United States, 681 A.2d 1090, 1093–1096 (D.C.1996).

4. It appears from the record that defense counsel knew before trial that a relative of the judge had been the Chief of Police, but not that the judge was currently married to a police officer. The record does not indicate when the judge's brother passed away, but it is undisputed that he was not the Chief of Police at the time of the events on which the charges against appellant were based.

5. Civil Rule 63–I is made applicable to criminal cases by Super. Ct.Crim. R. 57(a). Rule 63–I provides:

(a) Whenever a party to any proceeding makes and files a sufficient affidavit that the judge before whom the matter is to be heard has a personal bias or prejudice either against the party or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned ... to hear such proceeding.

(b) The affidavit shall state the facts and the reasons for the belief that bias or prejudice exists and shall be accompanied by a certificate of counsel of record stating that it is made in good faith. The affidavit must be filed at least 24 hours prior to the time set for hearing of such matter unless good cause is shown for the failure to file by such time.

Rule 63–I(b) requires a party alleging judicial bias to file, along with a certificate of good faith, an affidavit asserting the factual basis for the claim. *See In re Bell,* 373 A.2d at 234. When the affidavit is "sufficient" under the rule, a judge must recuse himself or herself from the case. *See* Rule 63–I(a); *In re Evans,* 411 A.2d 984, 994 (D.C.1980). However, "because the disqualification of a trial judge may disrupt and delay the judicial process, affidavits of bias are strictly scrutinized for form, timeliness and sufficiency." *Id.* (citation omitted).

■■■ After the judge's disclosure of her family relationships, but before the trial actually began or any testimony was taken, appellant made an oral motion for recusal; however, he never filed an affidavit or a certificate of good faith as required by Rule 63–I. Such procedural deficiencies are, in and of themselves, sufficient reason for a trial judge to deny a recusal motion. *See Browner v. District of Columbia,* 549 A.2d 1107, 1113 (D.C.1988); *Burt v. First American Bank,* 490 A.2d 182, 187 (D.C. 1985); *Taylor v. United States,* 451 A.2d 859, 860 n. 1 (D.C.1982), *cert. denied,* 461 U.S. 936, 103 S.Ct. 2105, 77 L.Ed.2d 311 (1983). Appellant contends that the procedures required by Rule 63–I are inapplicable in this case because the judge's marriage to a police officer was not known until she disclosed it just before the trial was about to begin. We reject this argument. Although we have held the procedural requirements of Rule 63–I inapplicable when judicial bias becomes apparent only from a judge's conduct *during* the course of a trial, *see In re J.A.,* 601 A.2d at

75, the judge's disclosure in this case was made *before* trial. In similar circumstances we have held that the affidavit requirement still applies. *See Taylor,* 451 A.2d at 860 n. 1 (oral recusal motion made before testimony began was properly denied when counsel returned from recess without an affidavit or a witness supporting allegations of bias); *cf. Gillum v. United States,* 613 A.2d 366, 369 (D.C. 1992) (recusal motion considered timely when first motion to recuse was made orally, but was supported with subsequent motions in writing and with affidavit). Therefore, since appellant's recusal motion was procedurally deficient, the trial judge did not err in denying it.[6]

### III

Putting aside the procedural deficiencies of appellant's motion, we address the substance of appellant's claim of bias to resolve an issue that has a high likelihood of recurring and to avoid "leav[ing] the meritless but unanswered charges hanging." *Browner,* 549 A.2d at 1113. We hold that, because the "average citizen" would not reasonably question the judge's impartiality, *Scott v. United States,* 559 A.2d 745, 749 (D.C.1989) (en banc), recusal was not required in this assault case in which one of the two complainants and other testifying government witnesses were police officers, notwithstanding that the judge was married to a police detective and, in addition, had a brother, deceased at the time of trial, who had previously been the Chief of Police.

---

6. The judge denied the motion because there was "no bias pointed to, actual bias outside of the courtroom...." Although a showing of actual bias is not a prerequisite for recusal, the judge correctly noted that appellant must provide some factual basis for the motion. This is precisely why the affidavit requirement of Rule 63–I is strictly applied. *See, e.g., Berger v. United States,* 255 U.S. 22, 33, 41 S.Ct. 230, 65 L.Ed. 481 (1921) ("the reasons and facts for the belief the litigant entertains are an essential part of the affidavit"), quoted with approval in *In re Bell,* 373 A.2d at 233.

■ Public confidence in a fair and impartial judiciary is essential to our criminal justice system. In order to preserve the integrity of the judiciary, and to ensure that justice is carried out in each individual case, judges must adhere to high standards of conduct. *See Scott,* 559 A.2d at 748. In furtherance of these standards, the Code of Judicial Conduct for the District of Columbia Courts, which is binding on judges of this court and the Superior Court,[7] requires a judge to recuse from any case in which there is " 'an appearance of bias or prejudice sufficient to permit the average citizen reasonably to question [the] judge's impartiality.' "[8] *Id.* at 749 (quoting *United States v. Heldt,* 215 U.S.App.D.C. 206, 239, 668 F.2d 1238, 1271 (1981), *cert. denied,* 456 U.S. 926, 102 S.Ct. 1971, 72 L.Ed.2d 440 (1982)); *see* CODE OF JUDICIAL CONDUCT FOR THE DISTRICT OF COLUMBIA COURTS, Canon 3 (1995). Thus, even if there is no bias in fact, an appearance of bias or prejudice requires recusal if it is sufficient to raise a question in the mind of "the average citizen" about the judge's impartiality.

■ We are satisfied that, on the present record, no reasonable observer could question the trial judge's impartiality.[9]

---

7. As of June 1, 1995, the Code of Judicial Conduct for the District of Columbia Courts ("the 1995 Code") replaced the 1972 Code of Judicial Conduct ("the 1972 Code") as binding on the judges of the District of Columbia Courts. *See* CODE OF JUDICIAL CONDUCT FOR THE DISTRICT OF COLUMBIA COURTS, Preface at v (1995); *see also Harris v. United States,* 738 A.2d 269, 278 n. 15 (D.C.1999). Canon 3(E)(1) of the 1995 Code provides, in pertinent part, that "[a] judge *shall* disqualify himself or herself in a proceeding in which the judge's impartiality might reasonably be questioned" (emphasis added). Canon 3(E)(1) of the 1995 Code replaced Canon 3(C)(1) of the 1972 Code, which stated, "A judge *should* disqualify himself in a proceeding in which his impartiality might reasonably be questioned" (emphasis added). Our cases construing Canon 3(C)(1) of the 1972 Code are persuasive authority in interpreting Canon 3(E)(1) of the 1995 Code, which contains substantially identical language. *See, e.g., Scott,* 559 A.2d at 768 n. 8 (noting that federal recusal statute was substantially similar to Canon 3(C)(1) because, in this context, the semantic differences between "shall" and "should" were without legal significance).

8. Canon 3(E) of the 1995 Code states, in relevant part:

(1) A judge shall disqualify himself or herself in a proceeding in which the judge's impartiality might reasonably be questioned, including but not limited to instances where:

(a) the judge has a personal bias or prejudice concerning a party ... or personal knowledge of disputed evidentiary facts concerning the proceeding;

\* \* \* \* \*

(c) the judge knows that he or she ... or the judge's spouse ... has an economic interest in the subject matter in controversy or in a party to the proceeding or has any other more than de minimis interest that could be substantially affected by the proceeding;

(d) the judge or the judge's spouse or a person within the third degree of relationship to either of them ...

(i) is a party to the proceeding, or an officer, director or trustee of a party;

\* \* \* \* \*

(iii) is known by the judge to have a more than de minimis interest that could be substantially affected by the proceeding;

(iv) is to the judge's knowledge likely to be a material witness in the proceeding.

9. The government has attached to its brief a 1992 opinion of the Advisory Committee on Judicial Conduct of the District of Columbia Courts ("the Committee") discussing whether a judge's personal associations with the police department might create an appearance of bias requiring recusal. ADVISORY COMMITTEE ON JUDICIAL CONDUCT OF THE DISTRICT OF COLUMBIA COURTS, ADVISORY OPINION NO. 2 (April 23, 1992). In that opinion the Committee considered, *inter alia,* whether a judge whose husband was a Deputy Chief of Police with the MPD, in command of all First District officers, should recuse herself from any case in which an MPD officer was expected to be a witness or which involved a charge of assault on a police officer. Applying the 1972 Code, the Committee concluded that recusal was

Appellant's claim of bias rests on the bare assertion that the judge's family relationships with police officers, in and of themselves, created an appearance of judicial bias warranting recusal. While an appearance of bias resulting solely from a judge's personal relationships may require recusal in some circumstances, *see, e.g., Scott,* 559 A.2d at 747–748, this is not such a case. Weighing heavily in our determination is the fact that appellant failed to establish any significant connection between the judge's husband or deceased brother and the facts, parties, or witnesses involved in this case. *See United States v. Cooley,* 1 F.3d 985, 993 (10th Cir.1993) ("Ordinarily, rumors and speculation will not satisfy the requirements for disqualification of a judge"), *cert. denied,* 515 U.S. 1104, 115 S.Ct. 2250, 132 L.Ed.2d 258 (1995).

The Code of Judicial Conduct requires recusal when "the judge has a personal bias or prejudice concerning a party ... or personal knowledge of disputed evidentiary facts concerning the proceeding." Canon 3(E)(1)(a). Appellant has not even begun to show that the judge displayed any actual bias during the course of the trial in favor of the complainant or other testifying police officers,[10] *cf. Turman v. United States,* 555 A.2d 1037 (D.C.1989) (reversing conviction because of the trial judge's comments indicating actual bias in favor of a testifying police officer), or that she had independent knowledge of any disputed evidentiary facts, *cf. Belton v. United States,* 581 A.2d 1205 (D.C.1990) (sentence vacated and case remanded because the trial judge, at the sentencing proceedings, disclosed that he had learned from conver-

sations outside the courtroom that the defendant had a bad reputation). Without such a showing, recusal was not required under Canon 3(E)(1)(a).

Recusal is also required if the judge or the judge's spouse "has an economic interest in the subject matter in controversy or in a party to the proceeding or has any other more than de minimis interest that could be substantially affected by the proceeding." Canon 3(E)(1)(c). Appellant argues that the trial judge here should have recused herself because the professional interests of the members of the MPD, and by extension their families, were at stake in the public forum in which the assaults occurred. Although it is true that the assaults took place at a meeting that was called to discuss the proposed pending federalization of the MPD (which never came to pass), and that the judge or her husband might have had some theoretical interest in the outcome of the meeting, any connection between the controversy in this case (whether appellant committed two assaults) and the possible interest the judge or her husband may have had in the subject matter of the meeting is too attenuated to warrant recusal. Appellant has not shown that either the judge or her husband, as salaried government officials, had any financial interest that could have been affected in any way by the outcome of this trial.

Furthermore, from the mere fact that police officers, including one of the two complainants, testified at appellant's trial, we cannot conclude that a reasonable person would impute to the judge or her

---

not required solely because of the judge's spousal relationship unless officers involved in the proceeding were First District officers under the command of her husband. While the Committee's opinion is not binding on this court, we find its reasoning persuasive and agree with its conclusions.

**10.** In fact, the trial judge specifically credited the testimony of non-police witnesses to support her finding of guilt, and none of the government's objections were sustained by the judge.

husband an interest that "could be substantially affected" by the outcome of the proceeding. It is of course true, as Justice Jackson remarked years ago, that police officers are "engaged in the often competitive enterprise of ferreting out crime," *Johnson v. United States,* 333 U.S. 10, 14, 68 S.Ct. 367, 92 L.Ed. 436 (1948), and one might reasonably believe that the judge's husband, as a police detective, has a professional interest in the successful outcome of criminal prosecutions. However, nothing in the record indicates that he had any supervisory authority over the police officers involved in the assault, or indeed any connection whatsoever with those officers other than their common employment by the MPD.[11] Without a more direct and tangible connection, it is most unlikely that a reasonable person would regard the general professional interest that the judge's husband might have in obtaining criminal convictions as "substantially affected" by the outcome of this particular assault case. Recusal was therefore not required under Canon 3(E)(1)(c).

Finally, a judge must recuse if the judge or the judge's spouse, or any relative within the third degree, "is a party to the proceeding, or an officer, director or trustee of a party...." Canon 3(E)(1)(d).[12] The husband of the judge in this case was not a party to the proceeding, and we do not read this canon as requiring recusal solely because another member of the MPD was a complainant in the underlying assault prosecution. Although her spouse is an "officer" of the MPD, the MPD itself was not a "party" in the trial, but merely the employer of some of the witnesses. The fact that the United States was an actual party in its prosecutorial function does not establish that the judge's husband was "an officer ... of a party" within the meaning of the canon. And of course the judge's brother, deceased at the time of trial, was not a party in any sense of the word.

We therefore hold that the trial judge in this case was not required by the Code of Judicial Conduct to recuse herself. The judgment of conviction is

*Affirmed.*

---

11. We decline to consider whether the judge would be obliged to recuse had her brother been alive and serving as the Chief of Police at the time of the offenses in this case or at the time of trial, since that issue is not before us.

12. Canon 3(E)(1)(d) also requires recusal if the judge or the judge's spouse "is known by the judge to have a more than de minimis interest that could be substantially affected by the proceeding...." This language is identical to that of Canon 3(E)(1)(c), and we repeat that no such interest has been shown by appellant. Nor was the judge's husband scheduled to appear as a witness in the trial, which would require recusal under Canon 3(E)(1)(d).