*Notice: This opinion is subject to formal revision before publication in the Atlantic and Maryland Reporters. Users are requested to notify the Clerk of the Court of any formal errors so that corrections may be made before the bound volumes go to press.*

# DISTRICT OF COLUMBIA COURT OF APPEALS

No. 15-FS-1417

IN RE K.M.; M.M., APPELLANT.

08/10/2017

FILED
District of Columbia
Court of Appeals

Julio Castillo
Clerk of Court

Appeal from the Superior Court
of the District of Columbia
(NEG-145-15)

(Hon. Janet Albert, Magistrate Judge)
(Hon. Robert Rigsby, Associate Judge)

(Argued March 28, 2017                    Decided April 25, 2017[*])

*Kwame Willingham* for appellant.

*Pamela Soncini*, Assistant Attorney General, with whom *Karl A. Racine*, Attorney General for the District of Columbia, *Todd S. Kim*, Solicitor General, and *Loren L. AliKhan*, Deputy Solicitor General, were on the brief, for appellee the District of Columbia.

*Cara Morse*, Children's Law Center, guardian *ad litem*, with whom *Melissa Colangelo* and *Abraham Sisson*, Children's Law Center, were on the brief, for K.M.

*Ronald Woodman* filed a statement in lieu of brief on behalf of appellee T.M.

---

[*]     The decision in this case was originally issued as an unpublished Memorandum Opinion and Judgment. It is now being published upon the court's grant of appellee guardian *ad litem*'s motion to publish.

Before GLICKMAN and MCLEESE, *Associate Judges*, and RUIZ, *Senior Judge*.

GLICKMAN, *Associate Judge*:  M.M., father of K.M. (who was two years old at the time of the neglect proceedings), appeals the Superior Court's determination that K.M. is a neglected child as defined by D.C. Code § 16-2301 (9)(A)(ii) and (iii) (2012 Repl.).  He argues that the court erred in finding sufficient evidence of neglect because it gave too much weight to parental admissions that were entered into evidence by the guardian *ad litem* ("GAL") pursuant to Civil Rule 36.[1]  M.M. submits that these admissions were unreliable and uncorroborated, and that if the court had properly weighed all the evidence, it would have found it insufficient to support a finding of neglect.  We conclude otherwise; the trial court did not err in attaching great weight to the admissions by M.M. and by K.M.'s mother.  Indeed, as Rule 36 (b) provides, the matters admitted by the parents were "conclusively established."  Taking those admissions into consideration, we agree with the Superior Court that the evidence in its entirety was sufficient to prove that K.M. was a neglected child.

---

[1]  Super. Ct. Civ. R. 36.  The Rule is applicable to child neglect and abuse proceedings pursuant to Superior Court Neglect Rule 1 (b).

**I.**

Although the Child and Family Services Agency ("CFSA") had been working with T.M., K.M.'s mother, since 2012, the incident that led to the removal of K.M. and his older sister Z.C. occurred in April 2015. Monisha Maddox testified at the neglect hearing that on the morning of April 21, 2015, she was driving near the corner of M Street and North Capitol Street. Maddox observed T.M. holding Z.C. by the hand and walking out into traffic yelling, "He shouldn't do that, she's just a baby." To avoid hitting T.M. with her car, Maddox pulled over to the side of the road. She then got out of her car and motioned for T.M. to come over to her.

T.M. approached Maddox with Z.C., handed the five-year-old child to Maddox, a stranger to T.M., and walked away without giving Maddox any instructions or contact information. Maddox placed Z.C. in her car and attempted, unsuccessfully, to locate T.M. She then called 911 and eventually flagged down police officers and explained what had occurred. Police officers contacted the CFSA child abuse hotline, and a CFSA social worker, Denise Carter, was assigned to investigate the case.

Carter testified that she heard allegations not only that T.M. had left Z.C. with a stranger, but also that M.M. had tried to stab T.M. and K.M.[2] Carter spoke with the police officers regarding the events of the morning and reviewed the family's history with CFSA. Officers also brought M.M. and K.M. to CFSA. Carter attempted to interview M.M. about what had occurred, but he was uncooperative and would not provide the social worker with any information. Additionally, CFSA could not locate T.M. Due to the unusual circumstances that brought K.M. and Z.C. to the agency that day, the allegations made against M.M., and his failure to cooperate, Carter removed K.M. from M.M.'s care and placed both children in foster care. On April 22, 2015, CFSA filed a complaint alleging that Z.C. and K.M. were neglected children.

In preparation for the neglect hearing, the GAL served T.M. and M.M. (each of whom was represented by counsel) with requests for admissions pursuant to Civil Rule 36. Among other things, M.M. was requested to admit that he tried to stab T.M. and K.M. on April 21, 2015; that K.M. had witnessed domestic violence between him and T.M.; and that he "[could] not care for K.M. because of his

---

[2] Carter's testimony on this point was admitted for the non-hearsay purpose of establishing why Carter removed K.M. and Z.C. from their parents, not as substantive evidence of domestic abuse.

mental health issues." T.M. was requested to admit similar matters.[3] Neither parent responded to the requests, even though the GAL agreed to extend the deadline. At the instigation of the GAL, the magistrate judge gave M.M. and T.M. a further extension, until just a week before the scheduled start of the neglect hearing, to answer the requests or have them treated as admitted at the hearing. Neither M.M. nor T.M. responded to the magistrate judge's order. Thereafter, neither parent moved to withdraw or amend their admissions.

The neglect hearing was held on June 24, 2015 and August 31, 2015. At the hearing, M.M.'s and T.M.'s admissions were received in evidence. In addition, six witnesses testified for the government and one witness testified for the GAL. The witnesses included Monisha Maddox and Denise Carter, a social worker who qualified as an expert in domestic violence, other social workers who had worked with the family for a number of years, and mental health professionals. The GAL also introduced K.M.'s medical records. The testimonial and medical evidence

---

[3] The pertinent admissions for T.M. included that "[o]n April 21, 2015, M.M. tried to stab" her and K.M.; that on that same day T.M. gave Z.C. to a woman she did not know; that when T.M. left the apartment, "[o]n April 21, 2015 . . . she left K.M. with M.M." and did not see K.M. after that point; that "K.M. has witnessed domestic violence between T.M. and M.M.[;]" that "T.M. cannot care for K.M. because of her mental health issues[;]" and that she "has left K.M. unsupervised[,]" and that she "currently does not have housing for K.M. to live in."

corroborated that K.M. had been exposed to domestic violence and unstable living arrangements, that M.M. and T.M. had not provided him with adequate medical care,[4] and that they suffered from serious untreated mental health problems that impaired their ability to care for K.M.[5]

Based on all the evidence, including M.M.'s and T.M.'s admissions, the magistrate judge found that the government had proved by a preponderance of the evidence that both K.M. and Z.C. were neglected children within the meaning of D.C. Code § 16-2301 (9)(A)(ii) and (iii). The magistrate judge rejected appellant's argument that the "[c]ourt should give no or minimal weight to the admissions . . . because [the parents] simply failed to respond to discovery rather than that they affirmatively admitted to the facts." She stated:

> The request[s] for admissions were properly served upon [the parents], they have been active participants in the case, and they chose not to respond. Therefore, the court finds this argument unpersuasive and to the contrary

---

[4] K.M.'s medical records indicated that M.M. and T.M. had not ensured that his vaccinations were kept up to date and had not provided proper treatment for his chronic respiratory problems.

[5] Evidence at trial established that T.M. suffered from bipolar disorder with psychotic features and that M.M. had been diagnosed with major depressive disorder with psychotic features, post-traumatic stress disorder, and alcohol use disorder in remission. Evidence also established that both parents were not in compliance with their recommended treatments.

> gives the admissions great weight. Further, given that the
> admissions allege facts such as that [M.M.] attempted to
> stab [T.M.] and [K.M.] and that the parents exposed the
> children to domestic violence, if those facts were indeed
> not true it is extraordinary that neither parent would file
> denials to set the record straight. It is by their own
> actions that the admissions were deemed admitted.

The associate judge affirmed the magistrate judge's determination as being in accordance with law and supported by sufficient evidence. Only M.M. has appealed; his appeal pertains only to K.M., as he is not the father of Z.C.

## II.

Appellant's claim here is that the trial court erred by attributing too much weight to his and T.M.'s Rule 36 admissions, and that with the parental admissions properly discounted, the evidence in its entirety was insufficient to prove that K.M. was a neglected child. Our review of these contentions is subject to the constraints imposed by D.C. Code § 17-305 (a) (2012 Repl.), which provides that a trial court judgment "may not be set aside except for errors of law unless it . . . is plainly wrong or without evidence to support it."[6] This is a difficult standard for appellant to meet. The government's burden at trial was to prove that K.M. was neglected

---

[6] *In re K.M.*, 75 A.3d 224, 230 (D.C. 2013) (internal quotation marks omitted).

by a preponderance of the evidence. In evaluating whether its proof was sufficient, we are obliged to view the evidence in the light most favorable to sustaining the judgment, "giving full play to the right of the [magistrate] judge, as the trier of fact, to determine credibility, weigh the evidence, and draw reasonable inferences."[7] For the reasons that follow, we conclude that the trial court did not err in according significant weight to the Rule 36 admissions, and that the evidence including those admissions was sufficient to support the adjudication of K.M. as a neglected child.

Civil Rule 36 (a)(1) permits any party to "serve on any other party a written request to admit, for purposes of the pending action only, the truth of any matters" relating to the "facts, the application of law to fact, or opinions about either." Rule 36 (a)(3) provides that "[a] matter is admitted" if the party to whom a request is directed fails to answer or object to it in a timely and proper manner. Rule 36 (b) goes on to say that "[a] matter admitted under this rule is conclusively established unless the court, on motion, permits the admission to be withdrawn or amended."

M.M. and T.M. failed without explanation to respond in any way to the GAL's requests for admissions, despite being granted extensions of time to do so,

---

[7] *Id.*

and they never moved to withdraw or amend their consequent admissions of the matters covered by the requests. The matters consequently deemed admitted and "conclusively established" – for example, that M.M. had tried to stab K.M. and T.M., that the child had been exposed to domestic violence between M.M. and T.M., and that M.M. could not care for K.M. because of his mental health issues – were sufficient evidence by themselves to prove that K.M. was a neglected child under D.C. Code § 16-2301 (9)(A)(ii) and (iii).[8] Nonetheless, the magistrate judge in this case proceeded cautiously and did not treat the Rule 36 admissions as conclusive or rely on them exclusively. Instead, after extending the time for M.M. and T.M. to respond to the requests, the magistrate judge considered the circumstances surrounding the parents' failure to deny the truth of the facts they were asked to admit and the gravity of those facts, in determining that it was appropriate to give the admissions great weight in her evaluation of all the evidence presented at the neglect hearing. The court's considered approach was no abuse of discretion.

---

[8] *Cf. Burt v. First Am. Bank*, 490 A.2d 182, 185 (D.C. 1985) (holding that where a party has failed to respond to requests for admissions, the matters set forth in the requests "are deemed admitted and may properly form the basis for a grant of summary judgment").

Appellant argues, however, that there was insufficient evidence to find neglect because it was error to give great weight to his admissions. At oral argument, he amplified this argument, contending the requests for admissions were improper because they pertained to dispositive facts that were in dispute and that (he asserts) the government would have been unable to prove otherwise. This argument is incorrect as a matter of law; it is contrary to the express provisions of Civil Rule 36. In addition to explicitly permitting requests to admit "the truth of any" relevant matters without exception (whether relating to "facts, the application of law to fact, or opinions about either"), the Rule specifies that a party may "not object [to a request] solely on the ground that the request presents a genuine issue for trial."[9] It is true that the proponent of a request for admission of a matter should have reason to believe in good faith that the matter is true and reason to think the adverse party may acknowledge it; but "[a]n answer, rather than an objection, is now the only proper response if a party considers that it has been asked to admit something that it disputes."[10] That the matter in question would be

---

[9] Super. Ct. Civ. R. 36 (a)(5).

[10] 8B CHARLES ALAN WRIGHT ET AL., FEDERAL PRACTICE AND PROCEDURE § 2256 at 339 (3d ed. 2010). At oral argument, appellant cited our opinion in *Dorsky Hodgson & Partners, Inc. v. Nat'l Council of Senior Citizens*, 766 A.2d 54 (D.C. 2001), for the proposition that the "proper use" of Rule 36 "is as a means of
*(continued…)*

more difficult to prove without the use of an admission is not an objection to using the Rule 36 procedure, it is a justification for it.

As appellant argues, this court has said that while a party's admissions may "obviate the necessity of other evidence" in a child neglect case, they cannot do so where they are "too problematical – too vague, unreliable and uncorroborated – to bear on their own the weight of the charge of . . . neglect."[11] Unlike the testimonial

---

*(continued…)*
avoiding the necessity of proving issues which the requesting party will doubtless be able to prove." *Id.* at 57 (quoting *Pickens v. Equitable Life Assurance Soc.*, 413 F.2d 1390, 1393 (5th Cir. 1969)). This statement was not a holding limiting the use of admissions, however; we quoted it solely in support of the proposition that courts have broad discretion in the interests of justice to permit parties to respond out of time to requests for admissions. Moreover, the statement appears to reflect a view of Federal Rule of Civil Procedure 36 held by some federal courts that was rejected when that Rule was amended in 1970 to eliminate the requirement that admissions be restricted to matters "of fact" and to resolve a division in the courts over "whether an answering party may properly object to request[s] for admission[s] as to matters which that party regards as 'in dispute.'" Fed. R. Civ. P. 36 Advisory Committee's Note: 1970 Amendment. Our Civil Rule 36 incorporates these changes. We therefore discount the quoted dictum in *Dorsky Hodgson* to the extent it is construed to mean that a party must "doubtless be able to prove" a matter in order to request that it be admitted. We likewise see no warrant or authority for instituting a screening procedure of the sort appellant advocated at oral argument in this appeal, whereby a party seeking to propound requests for admission would first have to satisfy the court that, if necessary, it could prove through other means the matter sought to be admitted.

[11] *In re M.D.*, 758 A.2d 27, 33 (D.C. 2000). We note that this case concerned a parent's admissions on the witness stand at trial, not admissions introduced in evidence pursuant to Civil Rule 36.

admissions in *In re M.D.*, however, the Rule 36 admissions in the present case did not fall within that "problematical" category. There was nothing vague about them, and while Rule 36 dispenses with any requirement that admissions satisfy a criterion of reliability or be corroborated, the testimony and medical evidence introduced by the government and the GAL at trial provided corroboration and support for the reliability of M.M.'s and T.M.'s admissions. Moreover, unlike the testimony in *In re M.D.*, the parental admissions in this case were able to "bear on their own the weight of the charge of . . . neglect."

In sum, viewing the evidence in the light most favorable to sustaining the judgment, and considering all the evidence properly before the court, including the matters admitted by the parents, we are satisfied that there was sufficient evidence to support the findings of neglect in the case of K.M. We therefore affirm the judgment of the Superior Court.

*So ordered.*